IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS, his wife,<br>BOX 361<br>Hunter, NY  12442<br>                    Plaintiffs,<br>            v.<br><br>PIEDMONT HAWTHORNE AVIATION,<br>Lehigh Valley International Airport<br>600 Hayden Circle<br>Allentown, PA 18109<br><br>HAWTHORNE A-B-E, INC.<br>n/k/a Hawthorne Airport Services, Inc.<br>6543 Fain Street<br>Charleston, SC 29406<br><br>PIEDMONT HAWTHORNE HOLDINGS, INC.<br>6543 Fain Street<br>Charleston, SC 29406<br><br>                    Defendants. | CIVIL ACTION<br>02-CV-2739<br>JURY TRIAL DEMANDED |

**DEFENDANTS PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC.,
AND PIEDMONT HAWTHORNE HOLDINGS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. ("defendants") deny that they are in any way liable to plaintiffs, Robert H. Koons, Jr. and Sally Koons ("plaintiffs").  In particular, Defendants respond to Plaintiffs' Complaint as follows:

1. Admitted upon information and belief.

2. Admitted in part and denied in part. It is denied that Piedmont Hawthorne Aviation is a corporation organized and existing under the laws of Delaware. By way of further response, Piedmont Hawthorne Aviation is a general aviation company headquartered in Winston-Salem, North Carolina. In July of 1998, Piedmont Aviation Services, Inc. and Hawthorne Aviation of Charleston, South Carolina, formed a combined company by merging and purchasing American Beechcraft Co., Transportech Corp., Hawthorne Aviation, Hawthorne Dulles, Inc., and Hawthorne Lakeland, Inc., to form a new company, Piedmont Hawthorne Aviation. Furthermore, it is admitted that Piedmont Hawthorne Aviation at all times material hereto was and is a fixed base operator.

3. Admitted. By way of further response, Hawthorne A-B-E, Inc. is incorrectly referred to in the Complaint as Hawthorne A-B-C, Inc.

4. Admitted. By way of further response, Hawthorne A-B-E, Inc. was and still is a wholly owned subsidiary of Hawthorne Aviation. With regard to Piedmont Hawthorne Aviation, please see response to Paragraph 2 above.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## RESPONSE TO BACKGROUND

8. Admitted upon information and belief.

9. Admitted.

10. Admitted in part and denied in part. It is admitted that defendants hold themselves out as skilled in maintenance of single engine aircraft. Defendants are without knowledge or information as to the remaining allegations in this paragraph and they are therefore denied.

11. Denied. Defendants are without knowledge or information as to the allegations in this paragraph.

12. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 12.

13. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 13.

14. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 14.

15. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 15.

16. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 16.

17. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 17.

18. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 18.

19. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 19.

### COUNT I

**Plaintiffs v. Defendants**
**Negligence**

20. Defendants incorporate by reference their answers to paragraphs 1 through 19 as though set forth at length herein.

21. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 21.

22. The allegations in paragraph 22 and subparts (a) through (j) of paragraph 22 contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 22 and its subparts.

23. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 23.

WHEREFORE, Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., demand judgment in their favor and against plaintiffs with prejudice, together with attorney's fees and costs incurred in the defense of this matter.

## COUNT II

**Plaintiffs v. Defendants**
**Breach of Warranty**

24. Defendants incorporate by reference their answers to paragraphs 1 through 23 as though set forth at length herein.

25. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 25.

26. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 26.

27. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 27.

28. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 28.

29. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent these allegations constitute factual averments, defendants deny generally and specifically each and every allegation contained in paragraph 29.

WHEREFORE, Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., demand judgment in their favor and against plaintiffs with prejudice, together with attorney's fees and costs incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

By way of further response to the Complaint, defendants hereby submit the following Affirmative Defenses. Defendants reserve the right to alter or supplement their affirmative defenses pending further discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted as against defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants owed no legal duty to plaintiffs and have not breached any existing duty deemed owed to plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs were primarily and actively careless and negligent concerning matters alleged in the Complaint, and plaintiffs' negligence proximately contributed to and caused the happening of the incident and the alleged losses and damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Any acts or omissions which plaintiffs allege on the part of the defendants were not substantial or proximate causes or factors of the incident(s) referred and identified by plaintiffs' Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed losses, damages, or injuries, if any, were caused or contributed to by persons, conditions, or events unrelated to and not under the control of the defendants and for which defendants are not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Defendants acted in a reasonable, proper and prudent manner in accordance with the requisite standard of care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, or subject to reduction, pursuant to the provisions of 42 Pa.C.S.A. §7102(a), the Pennsylvania Comparative Negligence Act, and/or other comparative negligence act which may be deemed applicable.

## EIGTH AFFIRMATIVE DEFENSE

Any losses and/or damages by plaintiffs and right of recovery for such losses and/or damages, if any, are to be reduced or limited due to a failure to mitigate the claimed damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not manufacture or sell the fuel bladder(s) at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred by or subject to limitation pursuant to the terms and provisions of the Pennsylvania Workman's Compensation Act and/or any other workman's compensation act deemed applicable to this litigation.

## TWELFTH AFFIRMATIVE DEFENSE

If the allegations of the plaintiffs with respect to his/her injuries, losses and damages are true, said allegations being denied by the defendants, then said injuries, losses and damages were caused by superseding and/or intervening acts, conduct or causes sufficient to exculpate defendants from liability to the plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times relevant to this incident, defendants were acting within the course and scope of all applicable state and federal laws.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have directed, ordered, approve and ratified the conduct of defendants, and plaintiffs are therefore estopped from asserting any claim based thereon or have waived any such claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint fails to state a cause of action for punitive damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the Statute of Frauds.

Respectfully submitted,

COZEN O'CONNOR

BY:_____
ANN T. FIELD, ESQUIRE
Attorney I.D. #52130
1900 Market Street
The Atrium
Philadelphia, PA  19103
(215) 665-2000

Dated: October ___, 2002

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I, Ann T. Field, Esquire, attorney for Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., do hereby certify that a copy of the foregoing DEFENDANTS PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., AND PIEDMONT HAWTHORNE HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT has been served upon opposing counsel via United States first class mail this 11th day of October, 2002, as follows:

> Arthur Alan Wolk, Esquire
> Philip J. Ford, Esquire
> Wolk & Genter
> 1710-12 Locust Street
> Philadelphia, PA  19103
>
> Attorney for Plaintiffs
>
> COZEN O'CONNOR
>
> _____
> Ann T. Field, Esquire