IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, : | CIVIL ACTION |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE : | |
| A-B-E, INC., n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT HAWTHORNE : | No. 02CV2739 |
| HOLDINGS, INC., : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MOTION TO SHORTEN TIME FOR
DEFENDANTS TO RESPOND TO PLAINTIFFS' MOTION
TO PERMIT CREATION OF TRIAL EXHIBITS FROM
<u>ACCIDENT WRECKAGE</u>**

Plaintiffs, Robert and Sally Koons, pursuant to Local Rule of Civil Procedure 7.1, move this Court for an Order directing Defendants to file a response to Plaintiffs' Motion to Permit Creation of Trial Exhibits from Accident Wreckage on or before Wednesday, October 29, 2003. In support thereof, Plaintiffs allege as follows:

1.  This case arises from the May 9, 2000 crash of a Cessna 210 single engine aircraft in Fayetteville, North Carolina, piloted by Plaintiff, Robert Koons.

2.  Trial is scheduled to begin on November 17, 2003.

3.  On October 23, 2003, Plaintiffs filed a motion seeking the Court's permission to create trial exhibits from the accident wreckage in order to assist plaintiffs and their experts in the presentation of critical evidence and testimony to the jury and which trial exhibits, in the opinion of Plaintiffs' experts, will also serve to negate the unfounded and unsupportable opinions

and conclusions of Defendants' expert, Mr. Stimpson. (See Plaintiffs' Motion to Permit Creation of Trial Exhibits from Accident Wreckage attached as Exhibit "A").

4. "<u>Unless otherwise directed by the Court</u>, any party opposing the motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion," L. R. Civ. P. 7.1.

5. Providing Defendants 14 days to respond is problematic in this instance because Plaintiffs' motion will not be decided until the eve of trial; thus, making the relief requested difficult if not impossible to accomplish without disruption of the trial date.

6. Shorting Defendants' time to respond to Plaintiffs' motion will not prejudice Defendants because Plaintiffs' motion does not assert complicated issues of law or fact, which would require extensive research and legal analysis.

7. A shortened response time, however, will provide the Court ample time to consider Plaintiffs' motion, here arguments from the parties, and, should the Court be so inclined, permit Plaintiffs to begin creating the trial exhibits it needs before trial begins on November 17, 2003.

8. Shortening Defendants' time to respond will also not prejudice the Defendants since it is the Defendants who have objected to Plaintiffs' request, and defendant does not have the burden of proof at trial.

9. In addition, denying Plaintiffs' request to shorten Defendants' response time will prejudice Plaintiffs since Plaintiffs will be deprived of the opportunity to effectively prove their case to the jury.

WHEREFORE, and for the reasons set forth in Plaintiffs' Motion to which is incorporated herein, Plaintiffs respectfully request this Court to order Defendants to respond to

2

Plaintiffs' Motion to Permit Creation of Trial Exhibits from Accident Wreckage on or before Wednesday, October 29, 2003.

                                             Respectfully submitted,

                                             WOLK & GENTER

BY: _____
                                             Richard E. Genter, Esquire
                                             Attorney I.D.: 30419
                                             Christopher J. Cerski, Esquire
                                             Attorney I.D.: 89611
                                             1710-12 Locust Street
                                             Philadelphia, PA  19103
                                             (215) 545-4220
                                             Attorneys for Plaintiffs