IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, : | CIVIL ACTION |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE : | |
| A-B-E, INC., n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT HAWTHORNE : | No. 02CV2739 |
| HOLDINGS, INC., : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OF
UNDISCLOSED AND/OR BELATEDLY DISCLOSED WITNESSES**

Plaintiffs Robert H. Koons, Jr., and Sally Koons, by and through undersigned counsel, hereby file this Motion in Limine to Preclude Testimony of Undisclosed and/or Belatedly Disclosed Witnesses and in support thereof aver as follows:

1. This civil action arises out of an airplane accident which occurred on May 9, 2000.

2. Trial is presently set to begin on December 15, 2003.

3. During discovery in this case, plaintiffs sought production of the names and addresses of anyone contacted as potential witnesses to which the defendants responded that it had not determined what witnesses will be called to trial and that it would identify witnesses in accordance with the Court's Scheduling Order.

4. On November 7, 2003, defendants filed a Supplemental Answer to Plaintiffs'

Request for Production of Documents No. 12 which stated as follows:

> **REQUEST NO. 12**: Any and all documents containing the names and addresses or other information concerning or conveyed by any individuals contacted as potential witnesses.
>
> **ANSWER:** Objection, Defendants object on grounds that this Request seeks information which was prepared in anticipation of and/or for the purposes of litigation. By way of supplemental answer, Defendants identify Nate Askew, general manager of Piedmont Hawthorne FBO in Fayetteville, North Carolina as a potential witness who observed the aircraft prior to and following the crash and was present at the accident site. Defendants also identify J.J. (last name unknown) as an airport mechanic who may have been present at the accident site.

See, Exhibit "A" attached.

5. Also on November 7, 2003 plaintiffs were served with the Addendum to Defendants' Pre-Trial Memorandum, which listed Nate Askew and "J.J." as defendants' witnesses.

6. Immediately upon receiving defendants' supplemental answers identifying for the first time Mr. Askew and J.J., plaintiffs' counsel called defendants' counsel to object to this belated identification. In addition, since these witnesses were presumably located in Fayetteville, North Carolina where the crash occurred and since plaintiffs were taking trial videotape depositions of the City of Fayetteville Fire Department personnel on November 12, 2003, plaintiffs' counsel requested permission to take a discovery deposition of Mr. Askew and/or J.J. while the parties were in Fayetteville, North Carolina. However, this request was denied since defendants' counsel claimed that defendants were not certain whether or not these witnesses would even be called.

7. Defendants did agree that if Mr. Askew was to be called, they would permit plaintiffs the opportunity to take the deposition of Mr. Askew prior to trial, should defendants intend to introduce Mr. Askew's testimony at trial.

2

8. By letter dated November 13, 2003, regarding Mr. Askew and J.J., plaintiffs' counsel wrote to defendants' counsel stating:

> "Regarding the belated identification of Mr. Askew, suffice it to say that plaintiffs maintain their objection to Mr. Askew being identified as a witness and reserve all rights to object to his testimony at trial. We believe that plaintiffs are prejudiced by the failure to identify Mr. Askew in a timely fashion nonetheless, to the extent defendants intend to introduce Mr. Askew's testimony at trial, we will advise the Court of our objection but also acknowledge that the defendants have agreed to allow plaintiffs to depose him prior to trial. We do not agree that permitting this deposition cures the prejudice.
>
> With regard to the witness you have listed as JJ, without any last name or address, plaintiffs have the same objections, however, we ask that you provide us with whatever information you have on this individual as soon as possible so that we can preserve all of our arguments as to this witness as well."

9. The parties attended a Mediation before the Honorable Lowell A. Reed, Jr. on November 18, 2003; however, the Mediation did not result in a settlement of the case.

10. At the Mediation, a representative of defendants' insurance carrier disclosed that there was a factual witness who would testify at trial as to the precise amount of fuel that was drained out of the right tank and the left tank after the crash, and that such testimony would be favorable to the defendants' theory of the crash.

11. The identity of the mystery witness was not disclosed at the Mediation but more importantly, the identity of this witness was never disclosed during discovery.

12. Subsequent to the Mediation held on November 18, 2003, plaintiffs' counsel attempted to ascertain from the defendants' counsel the identity of the mystery witness who defendants claim can quantify the amount of fuel drained from the fuel tanks, however, defendants initially refused to disclose his name until such time as they can confirm whether or not they intend to call this person as a witness at trial.

13. By letter dated November 19, 2003, defendants' informed plaintiffs that the name of the mystery witness is Steven Poss, of Atlanta Aviation, and that he does not have a recollection of the fuel removal, and therefore will not be called as a witness. (See Exhibit "B" attached to Pl. Motion to Preclude).

14. Mr. Poss was not identified as a fact witness in Defendants' Pretrial Memorandum or Addendum to Defendants' Pretrial Memorandum, which plaintiffs were served with November 7, 2003. (See, Exhibits "C" and "D" respectively).

15. Pursuant to Fed. R. Evid. 403; Fed. R. Civ. Pro. 16(f), 37(b) and (c); and L.R. 16.1(d), Mr. Poss, Nate Askew, and the witness identified as "J.J." should all be precluded from testifying at trial on the defendants' behalf; since allowing defendants to name them as witnesses at this late stage would be extremely prejudicial to the plaintiffs and would violate this Court's Third Scheduling Order.

WHEREFORE, plaintiff respectfully requests this honorable court issue an Order and precluding the testimony of Mr. Poss, Nate Askew, and the witness identified as "J.J."

                Respectfully submitted,

                WOLK & GENTER

BY: _____
        Arthur Alan Wolk, Esquire
        Attorney I.D.: 02091
        Christopher J. Cerski, Esquire
        Attorney I.D.: 89611
        1710-12 Locust Street
        Philadelphia, PA 19103
        (215) 545-4220
        Attorneys for Plaintiffs