**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, : | CIVIL ACTION |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE: | |
| A-B-E, INC., n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT HAWTHORNE : | No. 02CV2739 |
| HOLDINGS, INC., : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE TESTIMONY OF UNDISCLOSED
AND/OR BELATEDLY DISCLOSED WITNESSES**

Plaintiffs Robert H. Koons, Jr., and Sally Koons, by and through undersigned counsel, hereby file this Memorandum of Law in support of their Motion to Preclude Testimony of Undisclosed and/or Belatedly Disclosed Witnesses

**I.      STATEMENT OF FACTS**

This civil action arises out of an airplane accident which occurred on May 9, 2000.  Trial is presently set to begin on December 15, 2003.

During discovery in this case, plaintiffs sought production of the names and addresses of anyone contacted as potential witnesses.  The defendants responded that they had not determined what witnesses will be called to trial, and that they would identify witnesses in accordance with the Court's Scheduling Order.

On November 7, 2003, defendants filed a Supplemental Answer to Plaintiffs' Request for Production of Documents No. 12 which identified Nate Askew as an employee of defendants and potential witness who observed the aircraft prior to and following the crash and was present at

the accident site, and "J.J. (last name unknown)" a potential witness as an airport mechanic that may have been present at the accident site.  (See Exhibit "A" attached to Plaintiffs Motion to Preclude).  On that same date, defendants served plaintiff with the Addendum to Defendants' Pretrial Memorandum on November 7, 2003, which listed Nate Askew and "J.J." as witnesses.

Immediately upon receiving defendants' supplemental answers identifying for the first time Mr. Askew and J.J., plaintiffs' counsel called defendants' counsel to object to this belated identification.  In addition, since these witnesses were presumably located in Fayetteville, North Carolina where the crash occurred and since plaintiffs were taking trial videotape depositions of the City of Fayetteville Fire Department personnel on November 12, 2003, plaintiffs' counsel requested permission to take a discovery deposition of Mr. Askew and/or J.J. while the parties were in Fayetteville, North Carolina.  However, this request was denied since defendants' counsel claimed that defendant was not certain whether or not these witnesses would even be called.

Defendants did agree that if Mr. Askew was to be called, they would permit plaintiffs the opportunity to take the deposition of Mr. Askew prior to trial, should defendants intend to introduce Mr. Askew's testimony at trial.

By letter dated November 13, 2003, regarding Mr. Askew and J.J., plaintiffs' counsel wrote to defendants' counsel stating:

> "Regarding the belated identification of Mr. Askew, suffice it to say that plaintiffs maintain their objection to Mr. Askew being identified as a witness and reserve all rights to object to his testimony at trial.  We believe that plaintiffs are prejudiced by the failure to identify Mr. Askew in a timely fashion nonetheless, to the extent defendants intend to introduce Mr. Askew's testimony at trial, we will advise the Court of our objection but also acknowledge that the defendants have agreed to allow plaintiffs to depose him prior to trial.  We do not agree that permitting this deposition cures the prejudice.

2

> With regard to the witness you have listed as JJ, without any last name or address, plaintiffs have the same objections, however, we ask that you provide us with whatever information you have on this individual as soon as possible so that we can preserve all of our arguments as to this witness as well."

On November 18, 2003, the parties attended a Mediation before the Honorable Lowell A. Reed, Jr.; however, the Mediation did not result in a settlement of the case.

At the Mediation, a representative of defendants' insurance carrier disclosed that there was a factual witness who would testify at trial as to the precise amount of fuel that was drained out of the right tank and the left tank after the crash, and that such testimony would be favorable to the defendant's theory of the crash.

The identity of the mystery witness was not disclosed at the Mediation but more importantly, the identity of this witness was never disclosed during discovery.

Subsequent to the Mediation held on November 18, 2003, plaintiffs' counsel attempted to ascertain from the defendants' counsel the identity of the mystery witness who defendants claim can quantify the amount of fuel drained from the fuel tanks; however, defendants initially refused to disclose his name until such time as they can confirm whether or not they intend to call this person as a witness at trial.

By letter dated November 19, 2003, defendants' informed plaintiffs that the name of the mystery witness is Steven Poss, of Atlanta Aviation, and that he does not have a recollection of the fuel removal, and therefore will not be called as a witness. (See Exhibit "B" attached to Pl. Motion to Preclude).

Mr. Poss was not identified as a fact witness in Defendants' Pretrial Memorandum or Addendum to Defendants' Pretrial Memorandum, which plaintiffs were served with November 7, 2003. (See, Exhibits "C" and "D" attached to Pl. Motion to Preclude).

3

## II.    ARGUMENT

Rule 403 of the Federal Rules of Evidence provides that relevant evidence can be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Additionally, federal district courts have "the ability to preclude witnesses when parties fail to obey a scheduling or pre-trial order," Gibson v. National Railroad Passenger Corp., 176 F.R.D. 190 (E.D. Pa. 1997); and "have been instilled with authority to preclude testimony where its admission would result in prejudice to the other side." Scott v. Snider, 1994 WL 388959 (E.D. Pa. 1994).

Federal Rules of Civil Procedure 16(f) and 37(b) provide the Court with authority to exclude witnesses as a sanction for a violation of the Court's scheduling order. Federal Rule of Civil Procedure 37(c) provides the Court with authority to exclude evidence as a sanction for the failure to disclose that evidence in violation of Federal Rule of Civil Procedure 26(a). Rule 26(a)(3) requires parties to disclose all witnesses upon which they intend to rely at trial within thirty (30) days prior to trial.

This Court's Third Scheduling Order, entered July 11, 2003 directed the defendants in this action to file their pretrial memoranda within five days of the final pretrial conference in accordance with the terms of Local Rule of Civil Procedure 16.1(c). L.R. 16.1(c) requires the parties to list all witnesses which they intend to call at trial.

The Third Circuit has set forth four factors for the district court to consider when determining whether to preclude the testimony of a belatedly disclosed witness in violation of a

4

scheduling order:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977)

(*overruled on other grounds by* Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985).

Finally, L.R. 16.1(d) provides that witnesses not disclosed prior to trial may not be call to testify at trial.

Here, it is too late for the defendant to identify a previously undisclosed witness who purportedly has personal knowledge of the fuel content in the aircraft, which is a critical issue to be resolved at trial. Discovery has ended, and the parties are on the eve of trial. The prejudice and surprise that would result to plaintiffs is substantial, as plaintiff would be unable to depose Mr. Poss, and unable to adjust trial strategy in time to deal with the sudden introduction of this mystery witness.

Although, defendant has now indicated that Mr. Poss will not be a witness at trial, plaintiffs would be unable to cure the substantial prejudice that would result if defendant changed their minds and called Mr. Poss at trial. Plaintiffs have developed their trial strategy around the witnesses they knew would be testifying. Plaintiffs were surprised at the sudden announcement by defendants that this witness existed, and could testify on this critical issue, whereas previously, the defendants had not identified a single potential witness who would testify on its behalf with personal knowledge of this matter. If the defendants are not precluded

5

from calling Mr. Poss at trial, plaintiffs would be unable to cure the resulting prejudice as they have not had the opportunity to take the deposition of this witness.

Defendants' belated disclosure of Mr. Poss was willful noncompliance with this Court's Scheduling Order and with the duty of disclosure and the duty to comply with discovery.

Because of the resulting prejudice to plaintiffs, Mr. Poss should be precluded from testifying at trial pursuant to Fed. R. Evid. 403; Fed. R. Civ. Pro. 16(f), 37(b) and (c); and L.R. 16.1(d). This Court has held that an appropriate sanction is the preclusion of testimony from witnesses when they are identified shortly before trial. See Scott v. Snider, 1994 WL 388959 (E.D. Pa. 1994).

Nate Askew and "J.J." should also be precluded from testifying. These witnesses were not disclosed until November 7, 2003, which is prejudicial to the plaintiffs because it is too close to trial, and since discovery has expired, plaintiffs are forced to guess as to the subject matters on which these witnesses would testify.

Plaintiff has attempted to cure this prejudice by scheduling the depositions of these witnesses, but defendant has refused to make them available for deposition until such time that defendant is sure it intends to call them at trial.

It is far too late now for defendant to be able to call these to witnesses at trial since plaintiffs would be unable to depose these witnesses and adjust their trial strategy in time.

Defendants' belated disclosure of these witnesses was willful noncompliance with this Court's Scheduling Order and with the duty of disclosure and the duty to comply with discovery.

Since Mr. Askew and "J.J." were disclosed after discovery, and the opportunity to conduct depositions, had ended and shortly before trial; and since defendant has still not made clear whether they will be called at trial; these two witnesses should be precluded from testifying

6

at trial pursuant to Fed. R. Evid. 403; Fed. R. Civ. Pro. 16(f), 37(b) and (c); and L.R 16.1(d).  See

Scott v. Snider, 1994 WL 388959 (E.D. Pa. 1994).

**III.    CONCLUSION**

For all of the reasons stated above, Plaintiff respectfully requests that this Honorable

Court Order that Steven Poss, Nate Askew, and the potential witness identified as "J.J." are

precluded from testifying at trial pursuant to Fed. R. Evid. 403; Fed. R. Civ. Pro. 16(f), 37(b) and

(c); and L.R. 16.1(d).

> Respectfully submitted,
>
> WOLK & GENTER
>
>
> BY:    _____
>        Arthur Alan Wolk, Esquire
>        Attorney I.D.:  02091
>        Christopher J. Cerski, Esquire
>        Attorney I.D.: 89611
>        1710-12 Locust Street
>        Philadelphia, PA  19103
>        (215) 545-4220
>        Attorneys for Plaintiffs