IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS : : : Plaintiffs, : : v. : : PIEDMONT HAWTHORNE AVIATION, : HAWTHORNE A-B-E, INC. : n/k/a HAWTHORNE AIRPORT : SERVICES, INC., and PIEDMONT : HAWTHORNE HOLDINGS, INC. : : Defendants. : | CIVIL ACTION 02-CV-2739 |

ROBERT H. KOONS, JR. and
SALLY KOONS

        Plaintiffs,

    v.                          CIVIL ACTION
                                  02-CV-2739

PIEDMONT HAWTHORNE AVIATION,
HAWTHORNE A-B-E, INC.
n/k/a HAWTHORNE AIRPORT
SERVICES, INC., and PIEDMONT
HAWTHORNE HOLDINGS, INC.

        Defendants.

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

      Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., by and through their undersigned attorneys, Cozen O'Connor, hereby submit this supplemental response to Plaintiffs' First Request for the Production of Documents and Things as follows:

**GENERAL OBJECTIONS**

      1.      The following responses are based upon information and documentation presently available to answering defendant and its attorneys and are believed to be true and correct to the best of their knowledge. At the present time, answering defendant is continuing its investigation and analysis of the claims and defenses reflected in the pleadings, and therefore reserve the right to use any subsequently discovered facts or information. Answering Defendants reserve the right to supplement or amend these responses as additional facts are developed through discovery.

2. Answering Defendants object to each Request to the extent that it exceeds the bounds of discovery under the Rules of Civil Procedure and other applicable law, or is unnecessarily burdensome or oppressive. Any objection made herein in response to a specific Interrogatory shall not limit or waive this general objection as it pertains to any other specific Interrogatories.

3. Answering Defendants object to each Request to the extent that it is overbroad, seeks documents that are not relevant to the claims reflected in the pleadings, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Answering Defendants object to each Request to the extent that it seeks information that (a) fall within the scope of the attorney-client privilege and/or work product doctrine, (b) contain or reflect the mental impressions, conclusions, opinions, or legal theories of defendant's attorneys or other representatives concerning this litigation, or (c) fall within another privilege or are otherwise private, confidential, or protected from discovery.

5. Answering Defendants object to each Request insofar as it seeks information that is publicly available or already in the possession of plaintiff or his agents or attorneys on the grounds that the Request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6. Answering Defendants specifically reserve:

   a) All objections as to competence, privilege, relevance, materiality, and/or inadmissibility of any and all such documents and information, in whole or in part;

   b) The right to object to the use of any such documents or information, or documents or information of a similar nature, in whole or in part, in any subsequent stage or proceeding in this action, on any or all of the foregoing grounds or on any proper ground whether or not enumerated above; and,

      c)      The right to object, on any and all grounds, at any time, to Requests or other discovery procedures involving or related to the subject matter sought by these Requests.

7.      Answering Defendants incorporate each of the foregoing objections and limitations into answering Defendants' responses regardless of whether it is repeated for each individual response.

## SUPPLEMENTAL ANSWERS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

12.     Any and all documents containing the names or addresses or other information concerning or conveyed by any individuals contacted as potential witnesses.

**ANSWER:** Objection. Defendants object on grounds that this Request seeks information which was prepared in anticipation of and/or for the purposes of litigation. By way of supplemental answer, Defendants identify Nate Askew, general manager of the Piedmont Hawthorne FBO in Fayetteville, North Carolina as a potential witness who observed the aircraft prior to and following the crash and was present at the accident site. Defendants also identify J.J. (last name unknown) as an airport mechanic who may have been present at the accident site.

COZEN O'CONNOR

BY: _____
Ann Thornton Field, Esquire
Identification No. 52130
Sara Anderson Frey, Esquire
Identification No. 82835
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Attorneys for Defendants

Date: November 7, 2003

3