IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT H. KOONS, JR. and :
SALLY KOONS :
:
:
Plaintiffs, :
:
v. . :      CIVIL ACTION
:      02-CV-2739
:
PIEDMONT HAWTHORNE AVIATION, :
HAWTHORNE A-B-E, INC. :
n/k/a HAWTHORNE AIRPORT :
SERVICES, INC., and PIEDMONT :
HAWTHORNE HOLDINGS, INC. :
:
Defendants. :

## DEFENDANTS' PRE-TRIAL MEMORANDUM

I.    <u>Nature of Action and Basis of Jurisdiction</u>

On May 7, 2002, Plaintiffs Robert and Sally Koons commenced this lawsuit against Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont Hawthorne"). Plaintiffs Complaint alleges claims for negligence and breach of warranty. Plaintiffs claim that Piedmont Hawthorne was negligent in allegedly failing to detect a wrinkle in the left wing fuel bladder tank of the aircraft. Plaintiffs claim the wrinkle trapped water, which migrated to the engine, causing engine failure.

On October 11, 2002, Defendants filed their Answer and Affirmative Defenses, raising, in part, the defenses of comparative negligence and assumption of the risk. Defendants maintain the cause of the plane crash was fuel mismanagement and starvation.

Jurisdiction is based on 28 U.S.C. § 1332 (diversity).

1

II.    Counter-Statement of Facts

On March 22, 2000, Piedmont Hawthorne performed an annual inspection on Plaintiffs' Cessna 210A aircraft. The inspection was completed in an appropriate manner. With respect to the fuel tanks, Piedmont Hawthorne inspectors examined the fuel tanks through the fuel cap, pursuant to Piedmont's FAA approved inspection procedures, and did not note any discrepancies. Specifically, Piedmont employees testified that they did not see any wrinkles in the fuel bladder.

Nearly two months later, on May 9, 2000, Mr. Koons prepared to fly from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina. Mr. Koons was in the process of selling the aircraft and the purpose of the trip was to deliver the aircraft to the purchaser in Florida. Prior to his flight, Mr. Koons conducted a pre-flight check on the aircraft. As part of this pre-flight check, Mr. Koons opened the fuel caps and looked into the fuel tanks. On the day of the accident, he did not notice anything unusual in the fuel tanks. He did notice some water in the tanks, however, he testified that the presence of water in the tanks was not unusual. He opened the fuel tank's sump drain to eliminate water. In accordance with Cessna instructions, Mr. Koons also rocked the aircraft's wings.

Mr. Koons testified that he began the flight with the fuel selector valve on the left tank. Approximately half an hour into the flight, Mr. Koons testified he switched to the right tank and thereafter, switched tanks every hour. On short final at Fayetteville Regional Airport, Mr. Koons switched tanks again. The engine stumbled and Mr. Koons switched tanks again. The engine then surged and quit. Mr. Koons attempted to restart the engine, however, was unable to do so. The plane crashed approximately 500 feet from the runway.

Fortunately, Mr. Koons did not suffer serious injuries. He suffered a 10% L-1 compression fracture which required treatment for approximately three months. Mr. Koons did

not seek treatment after July 27, 2000. Between October 2000 and September 2002, Mr. Koons and his wife traveled around the country in a mobile home. Despite not seeking treatment for over three years, on September 26, 2003, Mr. Koons went back to his family physician, complaining of back pain and depression. Mr. Koons has recently begun physical therapy for the first time and has recently been prescribed an anti-depressant.

As stated above, Plaintiffs claim that Piedmont Hawthorne was negligent in allegedly failing to detect a wrinkle in the left wing fuel bladder tank of the aircraft. Plaintiffs claim the wrinkle trapped water, which migrated to the engine, causing engine failure. Plaintiffs, however, have no evidence that the wrinkle was present at the March 22, 2000 inspection. The first documentation of the wrinkle was in April 2002, nearly two years after the accident, when Plaintiffs' expert examined the wreckage. At this point, the wreckage had been stored outside in Atlanta, Georgia for approximately two years.

Even if the wrinkle had been present at the time of the inspection, Defendants' expert will testify that Defendants' employees would not have been able to see the wrinkle through the fuel filler cap, particularly because the tank was full of gas. Defendants' expert will also testify that even if there was a wrinkle which Defendants should have seen, the presence of the wrinkle did not cause the crash. Rather, the crash was a result of fuel starvation and pilot error.

III.    <u>Witnesses</u>

    A.    <u>Liability</u>

        1.    Robert Koons
                11 Rose Drive
                Hatfield, PA 19440

        2.    Sally Koons
                11 Rose Drive
                Hatfield, PA 19440

3.  Robert Boyd, Jr.
    2940 Yankee Road
    Quakertown, PA  18951

4.  James Dinan
    5510 Chenango Drive
    Bethlehem, PA  18017

5.  Paul Tobin
    Piedmont Hawthorne
    Lehigh Valley International Airport
    600 Hayden Circle
    Allentown, PA  18103

6.  Corporate representative
    Piedmont Hawthorne
    3821 North Liberty Street
    Winston-Salem, NC 27105

7.  Douglas Stimpson
    Accident Investigation & Reconstruction, Inc.
    11740 Airport Way, Hangar 35D
    Broomfield, CO 80021

8.  Any necessary rebuttal witnesses

9.  Any liability witnesses identified by Plaintiffs

10. Any witnesses necessary to authenticate medical records, invoices, bills, or other
    documents.

11. All persons identified by any of the parties to this action or in any documents
    produced during the course of discovery.

**B.**   **Damages**

12. Robert Koons
    11 Rose Drive
    Hatfield, PA 19440

13. Sally Koons
    11 Rose Drive
    Hatfield, PA  19440

14. Robert A. Cheney, M.D.
    Capital Region Orthopaedic
    1367 Washington Ave, #200
    Albany, NY  12206

15. Robert M. Schneider, M.D.
6225 Route 23A
P.O. Box 60
Tannersville, NY 12485

16. Carol Wadon, M.D.
Cape Fear Valley Medical Center
P.O. Box 2000
Fayetteville, NC 28302

17. Any witnesses necessary to authenticate medical records, invoices, bills, or other documents.

18. Any necessary rebuttal witnesses.

19. Any liability witnesses identified by Plaintiff.

20. All persons identified by any of the parties to this action or in any documents produced during the course of discovery.

Defendants reserve the right to supplement this list, as necessary.

IV.    **Exhibits**

1. Complaint

2. Answer with Affirmative Defenses

3. Plaintiffs' Responses to Defendants' First Set of Interrogatories

4. Plaintiffs' Responses to Defendants' First Set of Requests for Production

5. Plaintiffs' Responses to Defendants' Second Set of Interrogatories

6. Defendants' Responses to Plaintiffs' First Set of Interrogatories

7. Defendants' responses to Plaintiffs' Requests for Production

8. Defendants' responses to Plaintiffs' Requests for Admission

9. Plaintiffs' Responses to Defendants' Requests for Admission

10. Deposition Transcript of Paul Tobin, with exhibits

11. Deposition Transcript of Jim Dinan, with exhibits

12. Deposition Transcript of Robert Boyd, with exhibits

13. A.J. Fiedler 6/13/02 report

14. A.J. Fiedler 9/30/02 report

15. A.J. Fiedler Report 4/30/03

16. A.J. Fiedler Report 10/10/03

17. Jerry Wells Report 4/28/03

18. Jerry Wells Report 10/10/03

19. Dennis Handley Report 10/10/03

20. Photographs from Inspections Conducted by Plaintiffs' Experts.

21. Douglas Stimpson Report 9/5/03

22. Deposition Transcript of Robert Koons 5/29/03, with exhibits

23. Deposition Transcript of Sally Koons 5/29/03

24. Video Deposition of Dr. Robert Cheney

25. Video Deposition of Dr. Robert Schneider

26. Video Depositions of Captain William D. Stafford, Mark C. Acke, Brad Whited, Chris Johnson, Roger Baker

27. Medical records, reports, notes, bills and the like from Cape Fear Valley Hospital

28. Medical records, reports, notes, bills and the like from Capital Region Orthopedics (Dr. Cheney)

29. Records, reports, notes, bills and the like from Blue Shield of Northeastern New York

30. Subpoenaed records, reports, notes, bills and the like from Blue Cross/Blue Shield of Michigan (presently awaiting receipt)

31. Subpoenaed Records from Chrysler Financial Services, LLC (presently awaiting receipt)

32. Subpoenaed Records from City of Fayetteville Fire Department

33. Subpoenaed Records and Photographs from Aviation Resources

34. Medical records, reports, notes, bills and the like from Robert M. Schneider, M.D.

35. Subpoenaed Records and Photographs from AIG Aviation

36.   Certified Weather Report for 5/9/00

37.   Piedmont Hawthorne Inspection Procedures Manual for FAA Approved Repair Station No. H8AR560J.

38.   Work Order 2943 for March 22, 2000 Annual Inspection (PH001-PH005)

39.   Statement from Robert Boyd (PH008)

40.   Piedmont Hawthorne Incident Report (PH009)

41.   A.D. 84-10-01 (PH012-015)

42.   A.D. 66-15-02 (PH016)

43.   Selected Material from Cessna Maintenance Manual (PH018-026)

44.   Type Certificate Date Sheet No. 3A21 (PH045-048)

45.   Videotape of Stimpson Inspection

46.   Photographs from Stimpson Inspection

47.   Exemplar of wing, fuel tank, and fuel bladder

48.   Fuel Consumption Calculation

49.   Wreckage from Cessna 210A, N6607X

50.   Advisory Circular 20-105B

51.   Cessna Owner Advisory SEB2-36A

52.   Newspaper Articles and News Pictures (PLT0001-0004)

53.   NTSB Reports (PLT0005-0021)

54.   FAA Aircraft File (PLT0025-0091)

55.   Deposition of Robert Koons dated 5/12/01, with exhibits (PLT0249-0361)

56.   Aircraft Log Book (PLT0362-0431)

57.   FAA Documents Pertaining to Robert Koons (PLT0574-0623)

58.   First Essex Payment Coupons (PLT0624-0684)

59.   Pilot Logbook (PLT0495-0573)

60.   Laminated Checklists

61.    Clipboard Notes

62.    Richmor Aviation Detailed History Report

63.    Aircraft Maintenance and Airworthiness Records (PLT705-723)

64.    Original Papers (PLT0724-0732)

65.    Airframe/Repair Records (PLT0733-0753)

66.    ADs and SBs (PLT0754-0802)

67.    Mobil AV-1 Records (PLT0803-0827)

68.    Supplemental Type Certificates (PLT0828-0838)

69.    Weight and Balance Data (PLT0839-0849)

70.    Repair and Purchase Records (PLT0850-0936)

71.    Propeller Log Book (PLT0432-0437; 0488-0494)

72.    Engine and Propeller Log Book (PLT0438-0487)

73.    All applicable provisions of the Code of Federal Regulations, including but not limited to 14 CFR § 43.15. 14 CFR § 43.9, 14 CFR § 43.11, 14 CFR § 145.57, 14 CFR § 145.45, 14 CFR § 145.1

74.    All Airworthiness Directives, Safety Bulletins and Service Bulletins applicable to the 1961 Cessna 210A

75.    Any and all exhibits listed by Plaintiff.

76.    Any and all documents necessary for rebuttal purposes as may be determined depending upon the trial evidence.

77.    Any and all documents necessary for impeachment purposes.

Defendants reserve the right to supplement this list, as necessary.

V.    **Trial Days**

Defendants will need 2 to 3 trial days to present their defense.

## VI.    Special Comments

1.    Motions in Limine:  Defendants intend to file the following motions in limine. Defendants reserve the right to supplement or amend the following list:

    a.    Motion in Limine to Preclude Hearsay Statements by Rescue Personnel Concerning Fuel Removed from Tanks

    b.    Motion in Limine to Preclude Plaintiffs' Claim for Punitive Damages

    c.    Motion in Limine to Preclude Untimely Expert Report of Dennis Handley

    d.    Motion in Limine to Limit Plaintiffs' Liability Experts

    e.    Motion in Limine to Preclude Plaintiffs' Liability Experts

    f.    Motion in Limine to Preclude Previous Work Orders

    g.    Motion in Limine to Preclude Plaintiffs' Economist Expert

    h.    Motion in Limine Limit Recovery of Medical Expenses to the Amount Actually Paid and Accepted  as Full Payment for Services Rendered Pursuant to Moorhead v. Crozer Chester Med. Center, 765 A.2d 786 (Pa. 2001).

2.    Defendants' Requests for Admission of certain facts are outstanding.


Respectfully submitted,

COZEN O'CONNOR


BY:    _____
Ann Thornton Field, Esquire
Attorney I.D. No. 52310
Sara Anderson Frey, Esquire
Attorney I.D. No. 82835
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

Attorneys for Defendants

Date: November 7, 2003

9

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendants, do hereby certify that a copy of the foregoing Pre-Trial Memorandum has been served upon counsel by facsimile and United States Mail, postage prepaid this 7th day of November, 2003, as follows:

> Richard Genter, Esquire
> Wolk & Genter
> 1710-12 Locust Street
> Philadelphia, PA  19103

Sara Anderson Frey, Esquire