```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROBERT KOONS                      :    CIVIL ACTION
and SALLY KOONS,                  :
          Plaintiffs              :
                                  :
     v.                           :
                                  :
PIEDMONT HAWTHORNE AVIATION,      :
HAWTHORNE A-B-E, INC., and        :
PIEDMONT HAWTHORNE                :
HOLDINGS, INC.,                   :
          Defendants              :    NO. 02-2739
```

ORDER

And now this 1st day of December, 2003, upon consideration of plaintiff's motion to permit creation of trial exhibits from accident wreckage (Docket #18), and the response thereto, it is hereby ORDERED that said motion is DENIED for the following reasons.

In its initial expert reports, the plaintiff's expert opined, among other things, that wrinkles found in the left fuel bladder after the accident were not the result of the accident, the wrinkles would have been visible as viewed through the filler cap during the last annual inspection, and the wrinkles caused the accident. In opposition, the defendant's expert opined, among other things, that the wrinkles observed during the inspection were not visible through the fuel cap opening, and that the wrinkles occurred during the crash. In his rebuttal report, the plaintiff's expert elaborated on his earlier opinions that the wrinkles were visible through the filler cap and were

present at the time of the inspection and not caused by the crash.

One of the most significant disputes between the two experts is whether the wrinkles that presently exist are visible through the filler cap.  It will be critical for the jury to be able to look through the filler cap itself to see if the wrinkles are visible.  The Court is convinced that photographs are not a good substitute for the jury's observation of the actual wreckage.  The Court is also convinced that allowing the plaintiff to take apart the wreckage will relegate the defendant to arguing from the photographs.  This would prejudice the defendant.

The Court accepts that taking apart the wreckage would allow the experts to gather more evidence relating to whether the wrinkles resulted from the crash.  But the plaintiff and the defendant are in the same position on this point.  Both experts have to give their opinions without seeing the inside of the wreckage.  The plaintiff argues that he is more prejudiced because he has the burden of proof.  The Court is not persuaded by this argument.  First, the plaintiff's expert has already given his opinion twice on this issue.  He did not appear to need the wreckage taken apart to give his opinion.  Second, the plaintiff's argument would lead to a plaintiff always being allowed to destroy the evidence because he will always have the burden of proof.

During a telephone call with counsel on the motion, the Court made several suggestions to accommodate both parties. One suggestion was to pick the jury, let them look through the filler cap and then excuse them for the time it took to cut open the wreckage. The plaintiff rejected this suggestion. The Court is still open to suggestions that can accommodate the interests of both parties. The parties should continue to consider alternatives.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.