IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION |
| : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, : | |
| HAWTHORNE A-B-E, INC. : | |
| n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT : | |
| HAWTHORNE HOLDINGS, INC. : | |
| Defendants. : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants' Motion in Limine for Preclusion of Plaintiffs' Claim for Punitive Damages, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Plaintiffs are precluded from presenting any evidence or inference of punitive damages at the trial of this matter.

BY THE COURT:

_____
HONORABLE MARY A. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS<br>      Plaintiffs,<br><br>v.<br><br>PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC.<br>n/k/a HAWTHORNE AIRPORT<br>SERVICES, INC., and PIEDMONT<br>HAWTHORNE HOLDINGS, INC.<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION<br>:    02-CV-2739 |

**DEFENDANTS' MOTION IN LIMINE FOR PRECLUSION
OF PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

For the reasons set forth in the accompanying Memorandum of Law, Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court preclude Plaintiffs from presenting any evidence or inference of punitive damages at the trial of this matter.

Respectfully submitted,

COZEN O'CONNOR

BY:_____
        Ann Thornton Field, Esquire
        Attorney I.D. No. 52130
        Sara Anderson Frey, Esquire
        Attorney I.D. No. 82835
        1900 Market Street
        Philadelphia, PA  19103
        (215) 665-2000

        Attorneys for Defendants

Date:   December 4, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
|     Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
FOR PRECLUSION OF PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

**I.      INTRODUCTION**

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to preclude Plaintiffs from presenting a claim for punitive damages at the trial of this matter.  For the following reasons, Piedmont's Motion should be granted.

**II.     FACTUAL BACKGROUND**

Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash.  See Complaint, attached hereto as Exhibit "A".

On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina.  On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

The cause of the engine failure and resulting crash is disputed. Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent. Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber left fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit. Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.

In their Complaint, Plaintiffs allege two claims against Piedmont – negligence and breach of warranty. See Exhibit "A". Plaintiffs' Complaint seeks punitive damages as the result of their allegations. Plaintiffs fail to present affirmative evidence, however, to support their allegations and justify an award of punitive damages.

III. **LEGAL ARGUMENT**

Plaintiffs seek punitive damages in connection with both their claim for negligence and claim for breach of warranty. First, Pennsylvania courts have consistently held that punitive damages are not available for a breach of warranty claim.[1] Rose v. A&L Motor Sales, 699 F. Supp. 75, 76 (W.D. Pa. 1988). As such, as a matter of law, Plaintiffs cannot recover punitive damages in connection with their claim for breach of warranty.

Likewise, Plaintiffs are not entitled to punitive damages with respect to their negligence claim. Punitive damages cannot be awarded "merely because a tort has been committed." Delahanty v. First Pennsylvania Bank, N.A., 318 Pa. Super. 90, 130, 464 A.2d 1243, 1263 (1983). To the contrary, punitive damages are "appropriate to punish and deter only **extreme behavior** and, even in the **rare instances** in which they are justified, are subject to

---

[1] The only exception is where a plaintiff has pleaded a fraudulent breach of warranty. See S.N.A., Inc. v. Hartzell Propeller, Inc., 1996 WL 283646 (E.D. Pa. May 29, 1996). Here, however, Plaintiffs have not pleaded fraudulent breach of warranty and therefore, the exception does not apply. See Complaint, Exhibit "A".

strict judicial controls." Martin v. Johns-Manville Corp., 508 Pa. 154, 169, 494 A.2d 1088, 1096 (1985), *rev'd on other grounds*, 515 Pa. 377, 528 A.2d 947 (1987) (emphasis added). As noted by the court in Chambers v. Domino's Pizza Inc., 3 Pa. D.&C.4th 483, 486 (Dauphin CCP 1989), "[t]he concept of punitive damages seems to be getting out of line." The court remarked that allegations of punitive damages were "fast becoming a counterpart to the ineffective counsel contention found in practically all post-conviction hearing petitions." Id. The court reiterated that an award of punitive damages "is reserved for the **rare circumstances of extreme behavior**." Id. (emphasis added).

The burden of proof with respect to punitive damages is significant. The Pennsylvania Supreme Court, in adopting that the guidelines of Section 908(2) of the Restatement (Second) of Torts, held that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984) (*citing* Restatement (Second) of Torts § 908(2)). Punitive damages will be awarded only for conduct which is intentional, willful, wanton, or reckless. Castetter v. Mr. B Storage, 699 A.2d 1268, 1271 (Pa. Super. 1997).

In assessing whether punitive damages are appropriate, the motive for the tortfeasor's act must be taken into account, not just the nature of the act itself or the relationship of the parties. Indeed, "[t]he state of mind of the actor is vital. The act, or failure to act, must be intentional, reckless or malicious." Feld, 506 Pa. at 396, 485 A.2d at 748. Thus, in order to recover punitive damages, a plaintiff must demonstrate both "reckless indifference, as well as, bad motive." Delahanty v. First Pennsylvania Bank, N.A., 318 Pa. Super. 90, 130, 464 A.2d 1243, 1263 (1983).

In determining whether a defendant has exhibited an evil motive or reckless indifference to the rights of others, there must be evidence that the defendant actually knew or had reason to know of facts that created a high risk of physical harm to the plaintiff and then proceeded to act in conscious disregard of, or indifference to, that risk.  Martin, 508 Pa. at 171-72 n.12, 494 A.2d at 1097 n.12.  Pennsylvania courts have adopted a <u>very strict interpretation</u> of reckless indifference.  Indeed, as noted by the Pennsylvania Supreme Court, reckless indifference to the interest of others means "the actor has intentionally done an act of unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." <u>Evans v. Philadelphia Transp. Co.</u>, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965) (*citing* Prosser Torts § 33 at 151 (2d ed. 1955)).

It is well-established that punitive damages may not be assessed against a defendant whose conduct constitutes ordinary negligence, such as inadvertence, mistake, and errors of judgment.  <u>Martin</u>, 508 Pa. at 170, 494 A.2d at 1097; <u>Castetter</u>, *supra* at 1271-1272.  Indeed, the Pennsylvania Supreme Court has held punitive damages are not justified where a defendant's mental state rises only to the level of ordinary negligence or even gross negligence. <u>Martin</u>, 508 Pa. at 172, 494 A.2d at 1098.

Here, Plaintiffs' Complaint <u>does not even allege</u> that the Defendants' conduct constituted reckless indifference or outrageous conduct.  <u>See</u> Complaint, Exhibit "A".  Plaintiffs only raise negligence claims, which are simply insufficient to support a claim for punitive damages.  Moreover, even if Plaintiffs had alleged reckless indifference or outrageous conduct, the record is devoid of even a single fact that Defendants' actions involved any "intentional, willful, wanton or reckless conduct" such that would warrant the imposition of punitive damages. Plaintiffs' allegations, even if proven, assert nothing more than <u>ordinary negligence</u>

4

claims, which are insufficient as a matter of law to support a claim for punitive damages. Plaintiffs have not adduced any proof to demonstrate that Defendants acted willfully, maliciously, wantonly, in bad faith or in reckless disregard for Plaintiffs' rights or safety. There is absolutely no evidence that Defendants engaged in outrageous conduct, had an evil motive, or were recklessly indifferent to the rights of others.

Plaintiffs have failed to produce or identify any evidence demonstrating that the conduct of Piedmont was so outrageous as to justify an award of punitive damages. As such, Plaintiffs must be precluded from seeking punitive damages at the trial of this matter.

## IV. CONCLUSION

For all the reasons set forth above, Defendants respectfully request that this Honorable Court preclude any evidence or inference of punitive damages.

                      Respectfully submitted,

                      COZEN O'CONNOR


BY:_____
      Ann Thornton Field, Esquire
      Attorney I.D. No. 52130
      Sara Anderson Frey, Esquire
      Attorney I.D. No. 82835
      1900 Market Street
      Philadelphia, PA  19103
      (215) 665-2000

      Attorneys for Defendants

Date:  December 4, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire hereby certify that a true and correct copy of Defendants' Motion In Limine For Preclusion of Plaintiffs' Claim For Punitive Damages was served this 4th day of December, 2003 by hand delivery upon the following:

Arthur Wolk, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA 19103

_____
Sara Anderson Frey, Esquire