IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS<br>Plaintiffs, | :<br>:<br>:<br>: | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC.<br>n/k/a HAWTHORNE AIRPORT<br>SERVICES, INC., and PIEDMONT<br>HAWTHORNE HOLDINGS, INC.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | |

## ORDER

AND NOW, this          day of                  , 2003, upon consideration of Defendants' Motion in Limine to Preclude Plaintiffs' Liability Experts Jerry Wells, A.J. Fiedler, and Dennis Handley, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Plaintiffs are precluded from introducing the testimony and report of Jerry Wells, A.J. Fiedler, and Dennis Handley at the trial of this matter.

BY THE COURT:

_____
HONORABLE MARY A. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and <br> SALLY KOONS <br>       Plaintiffs, <br><br> v. <br><br> PIEDMONT HAWTHORNE AVIATION, <br> HAWTHORNE A-B-E, INC. <br> n/k/a HAWTHORNE AIRPORT <br> SERVICES, INC., and PIEDMONT <br> HAWTHORNE HOLDINGS, INC. <br>       Defendants. | : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : 02-CV-2739 <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' LIABILITY EXPERTS JERRY WELLS, A.J. FIEDLER, AND DENNIS HANDLEY**

For the reasons set forth in the accompanying Memorandum of Law, Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court preclude Plaintiffs' from presenting the testimony and reports of their liability experts Jerry Wells, A.J. Fiedler, and Dennis Handley at the trial of this matter.

Respectfully submitted,

COZEN O'CONNOR


BY:_____
      Ann Thornton Field, Esquire
      Attorney I.D. No. 52130
      Sara Anderson Frey, Esquire
      Attorney I.D. No. 82835
      1900 Market Street
      Philadelphia, PA  19103
      (215) 665-2000

      Attorneys for Defendants

Date:  December 4, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and : <br> SALLY KOONS : <br>       Plaintiffs, : <br> : <br> v. : <br> : <br> PIEDMONT HAWTHORNE AVIATION, : <br> HAWTHORNE A-B-E, INC. : <br> n/k/a HAWTHORNE AIRPORT : <br> SERVICES, INC., and PIEDMONT : <br> HAWTHORNE HOLDINGS, INC. : <br>       Defendants. : | CIVIL ACTION <br> 02-CV-2739 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' LIABILITY
EXPERTS JERRY WELLS, A.J. FIEDLER, AND DENNIS HANDLEY**

**I.    INTRODUCTION**

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to preclude Plaintiffs from presenting the testimony and report of their liability experts, Jerry Wells, A.J. Fiedler, and Dennis Handley, at the trial of this matter. For the following reasons, Piedmont's Motion should be granted.

**II.    FACTUAL BACKGROUND**

Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash. On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina. On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

The cause of the engine failure and resulting crash is disputed. Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent. Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber left fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit. Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.

On May 2, 2003, Plaintiffs submitted the expert liability reports of Jerry Wells and A.J. Fiedler. See Wells Report, attached hereto as Exhibit "A" and Fiedler Report, attached hereto as Exhibit "B". On October 10, 2003, Plaintiffs submitted the rebuttal reports of Mr. Wells and Mr. Fiedler. See Wells Rebuttal Report, attached hereto as Exhibit "C" and Fiedler Rebuttal Report, attached hereto as Exhibit "D". In addition, on October 10, 2003, Plaintiffs submitted the report of a new expert, Dennis Handley, who had not previously been identified.[1] See Handley Report, attached hereto as Exhibit "E".

All of Plaintiffs' liability experts proffer the same opinion – that a wrinkle existed in the left fuel tank bladder at the time of the March 22, 2000 annual inspection performed by Piedmont, that the wrinkle trapped water which entered the engine and caused the engine to quit. See Exhibits "A" through "E". None of the experts, however, provide a factual foundation for their conclusion that a wrinkle existed in the left fuel tank bladder on March 22, 2000.

Paperwork from the March 22, 2000 inspection demonstrate that no wrinkles were found during the inspection. See Work Order, attached hereto as Exhibit "F". Moreover, Piedmont employees responsible for the March 22, 2000 inspection testified there was "nothing remarkable" about the inspection and that if wrinkles had been found, the issue would have been explored further. See Deposition of James Dinan at pp. 97, 110, attached hereto as Exhibit "G".

---

[1] Defendants have filed a separate motion in limine to exclude Plaintiffs' late-identified expert Dennis Handley.

2

Moreover, Mr. Koons testified that he checked the fuel tanks on the day of the accident, May 9, 2000, and did not find anything out of the ordinary. See Deposition of Robert Koons at p. 87-88, attached hereto as Exhibit "H".

For the following reasons, Plaintiffs must be precluded from introducing the testimony and report of their liability experts, Jerry Wells, A.J. Fiedler, and Dennis Handley at the trial of this matter.

### III. LEGAL ARGUMENT

The admissibility of expert testimony is a matter within the sound discretion of the trial court. Total Containment, Inc. v. Dayco Products, Inc., 2001 WL 1167506, *3 (E.D. Pa. Sept. 6, 2001). An abuse of discretion will be found where expert testimony which is based on assumptions lacking any factual foundation in the record is admitted into evidence. Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002).

As the Third Circuit has noted, "[w]hen an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." Advo, Inc. v. Philadelphia Newspapers, Inc., 51 F.3d 1191, 1198 (3d Cir. 1995) (*citing* Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 113 S.Ct. 2578, 2598 (1993)). In other words, an expert must have "good grounds" to support his opinion. In re: Paoli Railroad Yard PCB Litigation, 35 F.3d 717, 748 (3d Cir. 1994).

Here, all three of Plaintiffs' liability experts have opined that the presence of a wrinkle in the left fuel bladder caused the crash of Mr. Koons' aircraft. All three liability experts also opine that the wrinkle was present on March 22, 2000 when Piedmont performed the annual inspection. None of the experts, however, provide a factual basis for this finding. See Exhibits "A" through "E". Rather, all three liability experts merely assume that the wrinkle was present

on March 22, 2000. In fact, the first documentation of the wrinkle was in April 2002, nearly two years after the accident, when Mr. Fiedler examined the wreckage. <u>See</u> Exhibit "B".

Not only is there no evidence in the record to support this assumption, the record actually contradicts the assumption that the wrinkle was present on March 22, 2000. The paperwork from the inspection does not indicate that any wrinkles were found. <u>See</u> Work Order, Exhibit "F". Moreover, Piedmont employees responsible for the March 22, 2000 inspection testified that there was "nothing remarkable" about the inspection and that if wrinkles had been present, the issue would have been explored further. <u>See</u> Deposition of James Dinan at pp. 97, 110, Exhibit "G". Significantly, Mr. Koons himself looked into the tanks on the day of the accident, May 9, 2000, and did not see anything out of the ordinary. <u>See</u> Deposition of Robert Koons, at p. 87-88, Exhibit "H". Again, the <u>first</u> documentation of the wrinkle was in April 2002, by Mr. Fiedler.

It is clear that Plaintiffs' liability experts do not have "good grounds" to support their opinion that the wrinkle existed on March 22, 2000. <u>See</u> <u>In re: Paoli</u>, *supra*. Their opinion that the wrinkle existed on March 22, 2000 is based on pure speculation, which cannot support a jury's verdict. As such, Plaintiffs must be precluded from introducing the testimony and report of their liability experts, Jerry Wells, A.J. Fiedler, and Dennis Handley at trial.

IV. **CONCLUSION**

      For all the reasons set forth above, Defendants respectfully request that this Honorable Court preclude Plaintiffs from introducing the testimony and reports of Jerry Wells, A.J. Fiedler, and Dennis Handley at the trial of this matter.

      Respectfully submitted,

      COZEN O'CONNOR


BY:_____
      Ann Thornton Field, Esquire
      Attorney I.D. No. 52130
      Sara Anderson Frey, Esquire
      Attorney I.D. No. 82835
      1900 Market Street
      Philadelphia, PA  19103
      (215) 665-2000

      Attorneys for Defendants

Date:  December 4, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire hereby certify that a true and correct copy of Defendants' Motion In Limine and Memorandum of Law in Support was served this 4th day of December, 2003 by HAND DELIVERY upon the following:

Arthur Wolk, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA 19103


_____
Sara Anderson Frey, Esquire