IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC. n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC.<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:　CIVIL ACTION<br>:　02-CV-2739<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this          day of            , 2003, upon consideration of Defendants' Motion in Limine to Preclude Plaintiffs' Economist Harvey Rosen, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Plaintiffs are precluded from introducing the testimony and report of Harvey Rosen at the trial of this matter.

　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HONORABLE MARY A. MCLAUGHLIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION |
| : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, : | |
| HAWTHORNE A-B-E, INC. : | |
| n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT : | |
| HAWTHORNE HOLDINGS, INC. : | |
| Defendants. : | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' ECONOMIST**

For the reasons set forth in the accompanying Memorandum of Law, Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court preclude Plaintiffs' from presenting the testimony and report of their economist, Harvey Rosen, at the trial of this matter.

Respectfully submitted,

COZEN O'CONNOR


BY:_____
    Ann Thornton Field, Esquire
    Attorney I.D. No. 52130
    Sara Anderson Frey, Esquire
    Attorney I.D. No. 82835
    1900 Market Street
    Philadelphia, PA  19103
    (215) 665-2000

    Attorneys for Defendants

Date:  December 4, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
|     Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' ECONOMIST**

**I.    INTRODUCTION**

       Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to preclude Plaintiffs from presenting the testimony and report of their economist, Harvey Rosen, at the trial of this matter. For the following reasons, Piedmont's Motion should be granted.

**II.    FACTUAL BACKGROUND**

       Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash. On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina. On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

The cause of the engine failure and resulting crash is disputed. Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent. Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber left fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit. Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.

At the time of the accident, Mr. Koons was retired. Mr. Koons testified that he had previously sold insurance for Chrysler Financial Services, however, several months prior to the accident, Chrysler eliminated his position and Mr. Koons received a severance package from Chrysler. See Deposition of Robert Koons, at pp. 22-28, attached hereto as Exhibit "A". Mr. Koons testified that he was not planning to look for work at the time of the accident. Id. at 26-27. Rather, he testified that it was his plan to live off of his Chrysler package until the time he was able to sign up for Social Security benefits. Id. at pp. 22-28.

In fact, the purpose of the May 9, 2000 flight was to deliver the Cessna 210 to a purchaser. Id. at p. 48. Mr. Koons testified that he was selling the aircraft, as he and his wife had planned to purchase a mobile home and travel around the country. Id. at pp. 9, 24, 48. Mr. and Mrs. Koons did indeed purchase a mobile home and traveled around the country between October 2000 and September 2002. Id. at pp. 9, 24.

Apparently, the severance package from Chrysler contained a clause which permitted Chrysler to recall Mr. Koons to work, in any position, at any time. Id. at p. 28. In September 2002, Mr. Koons was recalled to work at Chrysler and has been working full-time since then, earning approximately $700/week. See Plaintiffs' Responses to Interrogatories, attached hereto as Exhibit "B".

2

During discovery, Plaintiffs produced the report of Harvey Rosen, Ph.D., an economist. See Rosen Report, attached hereto as Exhibit "C". Dr. Rosen was retained to provide an opinion as to the differential earning capacity following the accident. Dr. Rosen opines that the "differential earnings" following Mr. Koons' injury are between $321,703 and $245,055. Id. Dr. Rosen's report, however, does not take into consideration the critical facts that (1) Mr. Koons was retired at the time of the accident and was not planning to look for work and (2) that Mr. Koons has been working full-time since September 2002, earning approximately $700/week.

Immediately after receiving Dr. Rosen's report, defense counsel sent a letter to Plaintiffs' counsel requesting that the report be withdrawn since it did not take into consideration the critical facts mentioned above. As of the date of this filing Plaintiffs have refused to withdraw Dr. Rosen's report.

For the following reasons, Plaintiffs must be precluded from introducing the testimony and report of Harvey Rosen at the trial of this matter.

## III. LEGAL ARGUMENT

The admissibility of expert testimony is a matter within the sound discretion of the trial court. Total Containment, Inc. v. Dayco Products, Inc., 2001 WL 1167506, *3 (E.D. Pa. Sept. 6, 2001). An abuse of discretion will be found where expert testimony which is based on assumptions lacking any factual foundation in the record is admitted into evidence. Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002).

Here, Dr. Rosen's report is based on assumptions which lack any factual foundation it the record. Dr. Rosen's report assumes that the differential earning capacity for Mr. Koons is between $321,703 and $245,055. See Exhibit "C". In issuing this opinion, however, Dr. Rosen calculates Mr. Koons' work expectancy from May 9, 2000, the date of the

accident. There is no factual foundation for this calculation, as it is undisputed that Mr. Koons was retired at the time of the accident and had planned to live off his severance package until he was eligible for social security. See Koons Deposition at pp. 22-28, Exhibit "A". Moreover, Dr. Rosen does not even take into consideration the fact that Mr. Koons has indeed been working full-time, earning approximately $700/week, since September 2002. See Plaintiffs' Responses to Interrogatories, Exhibit "B".

A similar situation was before the court in Elcock v. Kmart Corp., 233 F.3d 734 (3d Cir. 2000). In that case, the plaintiff brought suit against Kmart after falling in a store. The plaintiff, who was a Mary Kay consultant at the time of the accident, sought recovery for loss of past and future earnings. The record revealed that prior to the accident, the plaintiff earned $5,774/year and after the accident earned $1,070/year. The plaintiff's economic expert, however, testified at trial that the plaintiff could have earned $12,000/year but for her injuries. Id. at 755-76. The district court permitted the economist to testify, but on appeal the Third Circuit found that the district court had abused its discretion in permitting the economist to testify.

In ruling, the Third Circuit noted that the economist had failed to lay a factual foundation for the conclusion that the plaintiff could have earned $12,000/year. Id. at 756. The court found that such conclusion was not supported by the record given that evidence showed the plaintiff had only earned $5,774/year prior to the accident. Moreover, the court noted that the economist had failed to take into account the fact that the plaintiff had continued to earn money after the accident. Therefore, the court determined that the economist's conclusions were not supported by the record and should have been excluded. Id.; see also Williams v. Rene, 72 F.3d 1096 (3d Cir. 1995) (finding economic report concerning prospective earnings was unsupported

and speculative); <u>Lewis v. Parish of Terrebonne</u>, 894 F.2d 142 (5th Cir. 1990) (finding economic report lacked sufficient factual foundation to support minimum wage calculation).

Like the expert's conclusions in <u>Elcock</u>, Dr. Rosen's conclusions are not supported by the record. Dr. Rosen does not even take into consideration the significant fact that Mr. Koons was retired at the time of the accident and not planning to look for work. In fact, Mr. Koons did not look for work but rather traveled around the country in a mobile home between October 2000 and September 2002, when Chrysler recalled him to work. Moreover, Dr. Rosen does not even consider the fact that Mr. Koons has been working full time, earning approximately $700/week, since September 2002.

Since Dr. Rosen's report is based on assumptions which lack any factual foundation, Plaintiffs must be precluded from introducing the testimony and report of Dr. Rosen at trial.

IV. **CONCLUSION**

For all the reasons set forth above, Defendants respectfully request that this Honorable Court preclude Plaintiffs from introducing the testimony and report of Harvey Rosen at the trial of this matter.

                Respectfully submitted,

                COZEN O'CONNOR

                BY:_____
                      Ann Thornton Field, Esquire
                      Attorney I.D. No. 52130
                      Sara Anderson Frey, Esquire
                      Attorney I.D. No. 82835
                      1900 Market Street
                      Philadelphia, PA  19103
                      (215) 665-2000

                      Attorneys for Defendants

Date:  December 4, 2003

**CERTIFICATE OF SERVICE**

I, Sara Anderson Frey, Esquire hereby certify that a true and correct copy of Defendants' Motion In Limine and Memorandum of Law in Support was served this 4th day of December, 2003 by hand delivery upon the following:

Arthur Wolk, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA 19103

_____
Sara Anderson Frey, Esquire