IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS<br>　　　Plaintiffs,<br><br>v.<br><br>PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC.<br>n/k/a HAWTHORNE AIRPORT<br>SERVICES, INC., and PIEDMONT<br>HAWTHORNE HOLDINGS, INC.<br>　　　Defendants. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   02-CV-2739<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this           day of            , 2003, upon consideration of Defendants' Motion in Limine to Limit Plaintiffs to One Liability Expert, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Plaintiffs are limited to presenting the report and testimony of one liability expert at the trial of this matter.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HONORABLE MARY A. MCLAUGHLIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and : | |
| SALLY KOONS : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION |
| : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, : | |
| HAWTHORNE A-B-E, INC. : | |
| n/k/a HAWTHORNE AIRPORT : | |
| SERVICES, INC., and PIEDMONT : | |
| HAWTHORNE HOLDINGS, INC. : | |
|     Defendants. : | |

**DEFENDANTS' MOTION IN LIMINE
TO LIMIT PLAINTIFFS TO ONE LIABILITY EXPERT**

For the reasons set forth in the accompanying Memorandum of Law, Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court limit Plaintiffs to presenting the report and testimony of one liability expert at the trial of this matter.

                                                                        Respectfully submitted,

                                                                        COZEN O'CONNOR

                                                                        BY:_____
                                                                             Ann Thornton Field, Esquire
                                                                             Attorney I.D. No. 52130
                                                                             Sara Anderson Frey, Esquire
                                                                             Attorney I.D. No. 82835
                                                                             1900 Market Street
                                                                             Philadelphia, PA  19103
                                                                             (215) 665-2000

                                                                             Attorneys for Defendants

Date:  December 4, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and : <br> SALLY KOONS : <br>       Plaintiffs, : <br> : <br> v. : <br> : <br> PIEDMONT HAWTHORNE AVIATION, : <br> HAWTHORNE A-B-E, INC. : <br> n/k/a HAWTHORNE AIRPORT : <br> SERVICES, INC., and PIEDMONT : <br> HAWTHORNE HOLDINGS, INC. : <br>       Defendants. : | CIVIL ACTION <br> 02-CV-2739 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO LIMIT PLAINTIFFS TO ONE LIABILITY EXPERT**

**I.     INTRODUCTION**

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to limit Plaintiffs to presenting the report and testimony of one liability expert at the trial of this matter. For the following reasons, Piedmont's Motion should be granted.

**II.    PROCEDURAL/FACTUAL BACKGROUND**

Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash.

On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina. On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

The cause of the engine failure and resulting crash is disputed. Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent. Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit. Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.

On May 2, 2003, Plaintiffs submitted the expert liability reports of A.J. Fiedler and Jerry Wells. See April 28, 2003 Report of Jerry Wells, attached hereto as Exhibit "A" and April 30, 2003 Report of A.J. Fiedler, attached hereto as Exhibit "B". The opinion of both Mr. Fiedler and Mr. Wells is that the crash was caused by a failure of Piedmont to detect a wrinkle in the fuel bladder, thereby causing water to be trapped in the fuel bladder and enter the engine, causing the engine to quit. See Exhibit "A" at p. 3 and Exhibit "B" at pp. 3-4. According to these reports, Mr. Wells did not inspect the aircraft prior to rendering his opinion, but rather relied on the findings of Mr. Fiedler. See Exhibit "A".

On October 10, 2003, Plaintiffs produced the rebuttal reports of Jerry Wells and A.J. Fiedler. See October 10, 2003 Rebuttal Report of Jerry Wells, attached hereto as Exhibit "C" and October 10, 2003 Rebuttal Report of A.J. Fiedler, attached hereto as Exhibit "D". In addition, Plaintiffs produced the report of a new expert, who had never been identified, Dennis Handley. See October 10, 2003 Report of Dennis Handley, attached hereto as Exhibit "E". Again, the reports of Mr. Wells and Mr. Fiedler are nearly identical in their conclusions and criticisms of Defendants' expert, Douglas Stimpson. See Exhibits "C" and "D". While Mr. Handley's report raises new issues (to which Defendants have filed a separate motion in limine), a section of Mr. Handley's report is simply a reiteration of the opinions contained in the reports of Mr. Wells and Mr. Fiedler. See Exhibit "E".

2

For the following reasons, Plaintiffs should be limited to presenting the report and testimony of one liability expert at trial.

III. **LEGAL ARGUMENT**

Federal Rule of Evidence 403 provides that evidence which is relevant may be excluded if its probative value is substantially outweighed "by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. The district court has the power to exclude expert testimony which is merely cumulative and repetitive. Giffin v. Ensign, 234 F.2d 307, 315 (3d Cir. 1956); Leefe v. Air Logistics, Inc., 876 F.2d 409, 410 (5th Cir. 1989).

As noted by the court in Tunis Brothers Co., Inc. v. Ford Motor Co., 124 F.R.D. 95 (E.D. Pa. 1989), merely having partisan experts appear to vouch for a previous expert violates Rule 403 and "would needlessly present cumulative evidence, waste time, and mislead the jury." Id. at 98. Therefore, **an expert cannot simply restate another expert's testimony**. Id.; see also Leefe, *supra.* at 411 (court noted that it wanted "to discourage attorneys from parading additional experts before it in hope that added testimony will improve on some element of testimony by the principal expert"); Fuller v. Volvo GM Heavy Truck Corp., 1995 WL 489542 (N.D. Ill. Aug. 10, 1995) (court noted general rule is "to permit only one expert witness per area of subject matter to avoid a contest as to who can hire the greater number of experts").

In Littlejohn v. City of Philadelphia, 1993 WL 79600 (E.D. Pa. Mar. 22, 1993) (Bechtle, J.), the plaintiff intended to produce the testimony of two experts who were to give the same opinion. The district court ruled that the presentation of both experts would be cumulative, in violation of Rule 403, and therefore, limited the plaintiff to one expert. Id. at *8. On the plaintiff's motion for new trial, the district court affirmed its ruling, finding that the plaintiff had been specifically allowed to choose which expert would testify and therefore, was given the

3

opportunity to select the expert which she felt would give the strongest testimony. Id. The court held that the exclusion of the other expert was proper and in accordance with Rule 403.

The April 28, 2003 report of Jerry Wells and the April 30, 2003 report of A.J. Fielder are identical. In fact, in issuing his April 28, 2003 report, Mr. Wells did not personally examine the aircraft wreckage, but rather relied solely on the findings of Mr. Fiedler's wreckage inspection. Both Mr. Fiedler and Mr. Wells conclude that a wrinkle was visible in the left tank, that Piedmont was negligent in failing to detect the wrinkle, and that water became trapped behind the wrinkle, migrated to the engine, and caused the engine to quit. See Exhibit "A" at p. 3 and Exhibit "B" at pp. 3-4.

The rebuttal reports of Mr. Fiedler and Mr. Wells are likewise identical. Both rebuttal reports opine that the wrinkle is visible through the fuel filler cap and would have been visible to Piedmont employees. See Exhibit "C" at p. 1-2; Exhibit "D" at p. 1. In addition, both Mr. Wells and Mr. Fiedler's rebuttal reports are identical in their criticism of Defendants' liability expert Douglas Stimpson. Specifically, both Mr. Wells and Mr. Fiedler opine that Mr. Stimpson was incorrect regarding the visibility of the wrinkle and was incorrect regarding the location of the wrinkle. See Exhibit "C" at p. 2; Exhibit "D" at p. 1, 2.

Moreover, Plaintiffs have submitted the report of a third expert liability witness, Dennis Handley. The production of this report was untimely and improper as it introduces new theories of liability. In addition, Mr. Handley's report also contains a section which is identical to the opinions of Mr. Fiedler and Mr. Wells. Specifically, like Mr. Fiedler and Mr. Wells, Mr. Handley states that the wrinkle was present, that Piedmont employees were negligent for failing to detect the wrinkle, and that the presence of the wrinkle caused the crash. See Exhibit "E" at p. 15. Likewise, Mr. Handley's criticism of Mr. Stimpson is identical to the criticisms set forth by Mr. Wells and Mr. Fiedler in their rebuttal reports. See Exhibit "E" at pp. 13-15.

It is clear that the reports and anticipated testimony of Messrs. Fielder, Wells, and Handley are identical. The presentation of all three liability experts would cause undue delay, waste of time, and needless presentation of cumulative evidence, in violation of Rule 403. Therefore, Plaintiffs should be limited to calling one liability expert. Littlejohn, *supra*.

## IV.  CONCLUSION

For all the reasons set forth above, Defendants respectfully request that this Honorable Court grant its Motion in Limine and limit Plaintiffs to presenting the report and testimony of one liability expert at the trial of this matter.

                                      Respectfully submitted,

                                      COZEN O'CONNOR


BY:_____
        Ann Thornton Field, Esquire
        Attorney I.D. No. 52130
        Sara Anderson Frey, Esquire
        Attorney I.D. No. 82835
        1900 Market Street
        Philadelphia, PA  19103
        (215) 665-2000

        Attorneys for Defendants

Date:  December 4, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire hereby certify that a true and correct copy of Defendants' Motion in Limine and Memorandum of Law in Support, was served this 4th day of December, 2003 by hand delivery, upon the following:

>Arthur Wolk, Esquire
>WOLK & GENTER
>1710-12 Locust Street
>Philadelphia, PA 19103

_____
Sara Anderson Frey, Esquire