## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this          day of                  , 2003, upon consideration

of Defendants' Motion in Limine to Exclude Work Order No. 2609 and Work Order No. 2736,

and any response thereto, it is hereby ORDERED and DECREED that said Motion is

GRANTED.  Plaintiffs are precluded from introducing into evidence Work Orders Nos. 2609

and 2736 at the trial of this matter.

                         **BY THE COURT:**


                         _____
                         **HONORABLE MARY A. MCLAUGHLIN**
                         **UNITED STATES DISTRICT JUDGE**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT H. KOONS, JR. and :
SALLY KOONS :
   Plaintiffs, :
     :
  v.    : CIVIL ACTION
     : 02-CV-2739
PIEDMONT HAWTHORNE AVIATION, :
HAWTHORNE A-B-E, INC. :
n/k/a HAWTHORNE AIRPORT :
SERVICES, INC., and PIEDMONT :
HAWTHORNE HOLDINGS, INC. :
   Defendants. :

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
### WORK ORDER NO. 2609 AND WORK ORDER NO. 2736

   For the reasons set forth in the accompanying Memorandum of Law, Defendants

Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc.,

and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court preclude Plaintiffs'

from introducing into evidence Work Order No. 2609 and Work Order No. 2736 at the trial of

this matter.

      Respectfully submitted,

      COZEN O'CONNOR


    BY:_____
      Ann Thornton Field, Esquire
      Attorney I.D. No. 52130
      Sara Anderson Frey, Esquire
      Attorney I.D. No. 82835
      1900 Market Street
      Philadelphia, PA  19103
      (215) 665-2000

      Attorneys for Defendants

Date:  December 4, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WORK ORDER NO. 2609 AND WORK ORDER NO. 2736

### I.    INTRODUCTION

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to preclude Plaintiffs from introducing into evidence Work Order No. 2609 and Work Order No. 2736, and any related paperwork, at the trial of this matter. For the following reasons, Piedmont's Motion should be granted.

### II.    FACTUAL BACKGROUND

Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash. See Complaint, attached hereto as Exhibit "A".

On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North Carolina. On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

The cause of the engine failure and resulting crash is disputed. Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent. Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber left fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit. Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.

The annual inspection which forms the basis of Plaintiffs' claims took place on March 22, 2000. Defendants have produced Work Order No. 2943 and all related paperwork regarding the 2000 annual inspection of the Plaintiffs' Cessna 210A. Both parties have listed Work Order No. 2943 as exhibits. In addition, however, Plaintiffs have also listed Work Order No. 2609, dated March 1999 and Work Order No. 2736, dated July 26, 1999 as potential exhibits. Work Order No. 2609 relates to an annual inspection performed by Piedmont in 1999 and Work Order No. 2736 relates to an oil change performed by Piedmont in July 1999. See Work Order No. 2609, attached hereto as Exhibit "B" and Work Order no. 2736, attached hereto as Exhibit "C".

For the following reasons, Plaintiffs should be precluded from introducing Work Order Nos. 2609 and 2736 at the trial of this matter.

## III.    LEGAL ARGUMENT

### A.    Work Order Nos. 2609 and 2736 are not Relevant.

The most basic requirement for the admission of any piece of evidence at trial is relevancy. Federal Rules of Evidence 401 and 402 govern this threshold determination. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

F.R.E. 401. Pursuant to Rule 402, "[e]vidence which is not relevant is not admissible." F.R.E. 402.

In determining the relevancy of a piece of evidence, the trial court must determine "whether a reasonable person would find the probability of a consequential fact to be altered, one way or the other, by the proffered evidence." FEDERAL RULES OF EVIDENCE MANUAL § 401.01 (8TH ED. 2001). The Advisory Committee Notes for Rule 401 further explain:

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand.

F.R.E. 401, Advisory Committee Notes.

In the instant matter, Plaintiffs allege that Piedmont negligently performed the 2000 annual inspection of their aircraft and, as a result, the aircraft crashed two months later. From this foundation, this Court must determine whether a reasonable person would find the probability of a consequential fact to be altered, one way or the other, by the documentation for the 1999 annual inspection and 1999 oil change. The logical answer is a resounding "no."

As this dispute involves essentially one issue, whether Piedmont negligently failed to detect a wrinkle in the fuel bladder during the March 2000 inspection, its focus is narrow. It centers *exclusively* on the 2000 inspection. The 1999 work orders do not in any way relate to the inspection that took place a year after their inception. Further, the Plaintiffs have not set forth any claim even remotely related to the work performed in 1999. See Complaint, Exhibit "A". Thus, these documents are evidence of facts that are of no consequence to the determination of this action.

In <u>Rodriguez v. Clark Equip. Co., Inc.</u>, 147 F.Supp.2d 66, 71 (D. P.R. 2001), the plaintiffs were injured when a crane, manufactured by the defendant, dropped a load it was carrying. The plaintiffs asserted claims for strict liability and negligence based on the crane's defective hoist brake latch mechanism. <u>Id.</u> Prior to the accident, the crane was serviced on three occasions, September 13, 1974, August 7-8, 1974 and August 21, 1974. The plaintiffs sought to introduce these service reports into evidence. <u>Id.</u> at 73.

The September 13 and August 7-8 service reports addressed problems with the hoist brake latch mechanism, the subject of the plaintiffs' strict liability and negligence claims. The August 20 report, however, dealt "with slack in the main hoist line and not the problem of improper latching in the hoist brake mechanism." <u>Id.</u> at 74. The district court excluded the August 20th service report because it was irrelevant to the negligence and strict liability claims.

<u>Rodriguez</u> is instructive because it involved, like the instant matter, an attempt to introduce evidence of service that was not at issue and, thus, did not alter the probabilities of a fact that was of consequence to the determination of the action. This holding firmly supports a finding that the 1999 annual inspection and oil change service reports for the Plaintiffs' Cessna 210A should be excluded under Rules 401 and 402 because they do not relate to the Plaintiffs' claim that the 2000 inspection was negligently performed.

The 1999 work orders have absolutely no relevance to the Plaintiff's negligence claim because they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without them. As such, Plaintiffs must be precluded from introducing Work Order Nos. 2609 and 2736 at the trial of this matter.

**B.**     **Even If the Court Concludes That Work Order No. 4609 and Work Order No. 2736 Are Relevant, They Should Be Excluded Under Rule 403 Because Their Probative Value is Substantially Outweighed by the Danger of Confusing the Issues, Misleading the Jury, Or by Considerations of Undue Delay and Waste of Time.**

Federal Rule of Evidence 403 provides that evidence which is relevant may be excluded if " its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. In determining whether evidence is admissible under Rule 403, "the court must balance the genuine need for the challenged evidence against the risk that the information will confuse the jury or delay trial." In re Paoli R.R. Yard PCB Litigation, 113 F.3d 444, 453 (3d Cir. 1997). As one commentator has noted, "[t]he issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence. In making this determination, the court must assess the probative value of the proffered item as well as the harmful consequences specified in Rule 403 that might flow from its admission." 2 WEINSTEIN'S FEDERAL EVIDENCE § 403.02[1][a] (2D ED. 1997).

Rule 403 makes clear that evidence can be excluded because it will confuse or mislead the jury. See also 2 WEINSTEIN'S FEDERAL EVIDENCE § 403.05[1] (2D ED. 1997) (noting that "courts often exclude evidence because it might raise a side issue that would distract the jury from the important issues"). In Langer v. Monarch Life Ins. Co., 966 F.2d 786 (3d Cir. 1992), the court affirmed the lower court's decision to exclude evidence of a prior settlement between the doctor and the insurer, which was offered for the issue of mitigation of damages. The issue of mitigation was of little significance to the case, thus, evidence to prove it would have confused the jury and diverted attention away from the primary issues of the case and, thus, was properly excluded. Id. at 799.

As noted above, the probative value of the 1999 work orders is exceedingly low given that these services are not at issue and that these services were rendered over a year prior to the crash. These documents do not, in the least, shed light on whether Piedmont negligently inspected the aircraft in 2000. In fact, the admission of these documents will confuse the issues because the jury will, understandably, question why it is being presented with evidence of work that is not at issue. Furthermore, the admission of these documents will delay the trial, with no benefit to the search for truth, because the parties will have to address the relevancy of them.

Thus, the balance that must be struck by the Court in this instance is actually quite easy. The minimal probative value of these documents is substantially outweighed by the confusion of the issues that would result from their admission and the delay that they would cause. Therefore, Work Order Nos. 2609 and 2736 should be excluded under Rule 403.

## IV.    <u>CONCLUSION</u>

For all the reasons set forth above, Defendants respectfully request that this Honorable Court grant their Motion in Limine and enter an order precluding Plaintiffs from introducing into evidence Work Order No. 2609 and Work Order No. 2736 and all related paperwork.

Respectfully submitted,

COZEN O'CONNOR

BY:_____

Ann Thornton Field, Esquire
Attorney I.D. No. 52130
Sara Anderson Frey, Esquire
Attorney I.D. No. 82835
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

Attorneys for Defendants

Date:  December 4, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., do hereby certify that a copy of the foregoing Motion in Limine has been served upon opposing counsel by hand delivery this 4th day of December, 2003, as follows:

Arthur Wolk, Esquire
Wolk & Genter
1710-12 Locust Street
Philadelphia, PA 19103

Attorney for Plaintiffs

COZEN O'CONNOR

_____

Sara Anderson Frey, Esquire