## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT H. KOONS, JR. and           :
SALLY KOONS                        :
        Plaintiffs,        :
                        :
        v.                 :      CIVIL ACTION
                        :      02-CV-2739
PIEDMONT HAWTHORNE AVIATION,       :
HAWTHORNE A-B-E, INC.              :
n/k/a HAWTHORNE AIRPORT            :
SERVICES, INC., and PIEDMONT       :
HAWTHORNE HOLDINGS, INC.           :
        Defendants.        :

### ORDER

      AND NOW,  this        day of           , 2003, upon consideration of

Defendants' Motion in Limine to Preclude Hearsay Statements Concerning Fuel Removed from

Tanks, and any response thereto, it is hereby ORDERED and DECREED that said Motion is

GRANTED.  Plaintiffs are precluded from introducing at the time of trial, any testimony and

evidence of hearsay statements concerning fuel removed from tanks.

                                 **BY THE COURT:**

                                 _____
                                 **HONORABLE MARY A. MCLAUGHLIN**
                                 **UNITED STATES DISTRICT JUDGE**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
| Defendants. | : | |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE HEARSAY STATEMENTS CONCERNING FUEL REMOVED FROM TANKS

For the reasons set forth in the accompanying Memorandum of Law, Defendants

Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc., n/k/a Hawthorne Airport Services, Inc.,

and Piedmont Hawthorne Holdings, Inc., respectfully request that the Court preclude Plaintiffs

from introducing statements concerning fuel removed from tanks at the trial of this matter.

Respectfully submitted,

COZEN O'CONNOR

BY:_____

Ann Thornton Field, Esquire
Attorney I.D. No. 52130
Sara Anderson Frey, Esquire
Attorney I.D. No. 82835
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

Attorneys for Defendants

Date:   December 4, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and | : | |
| SALLY KOONS | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 02-CV-2739 |
| PIEDMONT HAWTHORNE AVIATION, | : | |
| HAWTHORNE A-B-E, INC. | : | |
| n/k/a HAWTHORNE AIRPORT | : | |
| SERVICES, INC., and PIEDMONT | : | |
| HAWTHORNE HOLDINGS, INC. | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE HEARSAY STATEMENTS CONCERNING FUEL REMOVED FROM TANKS

## I.    INTRODUCTION

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby move this Honorable Court to preclude Plaintiffs from testifying about and moving into evidence hearsay statements concerning fuel removed from tanks. For the following reasons, Piedmont's Motion should be granted.

## II.    FACTUAL/PROCEDURAL BACKGROUND

Plaintiffs Robert and Sally Koons ("Plaintiffs") commenced this lawsuit by filing a Civil Complaint on May 7, 2002 against Piedmont, seeking recovery for injuries allegedly sustained by Robert Koons in an airplane crash.

On May 9, 2000, Robert Koons was flying alone in his Cessna 210A aircraft from Hudson, New York to Winter Haven, Florida, with a scheduled fuel stop in Fayetteville, North

Carolina.  On final approach at Fayetteville, the engine quit and Mr. Koons crashed in a marsh to the left of the runway.

Plaintiffs claim that Piedmont, which performed an annual inspection on the Cessna 210A two months prior to the accident, was negligent.  Specifically, Plaintiffs claim that Piedmont inspectors failed to detect a wrinkle in the rubber left fuel tank bladder and that water became trapped behind the wrinkle and entered the engine, causing the engine to stumble and quit.  Piedmont denies that it was negligent and asserts that the crash was caused by fuel starvation of the left tank.  Therefore, a key issue in this matter is the amount of fuel, if any, remaining in the tanks after the crash.

Plaintiffs have produced a statement from Sally Koons dated May 24, 2002.  See Statement, attached hereto as Exhibit "A".  The statement was written at the suggestion of her attorney over two years after the accident and approximately two weeks after Plaintiffs filed suit.  In the statement, Mrs. Koons states that she spoke to rescue personnel from the Fayetteville Regional Grannis Airport.  Id. Mrs. Koons' statement further provides that "[t]o the best of my recollection, the rescue personnel noted that they had removed a total of approximately 20 gallons of fuel from both the right and left tanks."  Id.

At deposition, Mrs. Koons testified that she did not remember exactly when she spoke to the rescue personnel. See Deposition of Sally Koons, at pp. 45-46, attached hereto as Exhibit "B".  Moreover, Mrs. Koons testified she did not know the identity of the personnel who allegedly told her about the fuel removed from the tanks and could not recall what the personnel looked like. Id. at pp. 50-51, Exhibit "B".  Mrs. Koons further testified that neither of the personnel she spoke with "were actually on duty at the time of the accident." Id. at p. 47, Exhibit "B".

In addition, at the recent trial deposition of Bradley Whited, Airport Director at the Fayetteville Regional airport, Plaintiffs produced an email dated June 21, 2002. See Email, attached hereto as Exhibit "C". Plaintiffs never produced this email in discovery. The email, between Mr. Whited and Nate Askew (Regional Manager of a Piedmont facility in Fayetteville), allegedly concerns the removal of fuel from the Koons aircraft. Specifically, Mr. Whited states in the email that "There was a defueling operation and fuel was stored in at least two 55 gallon drums. Unfortunately, we do not know where this fuel was and how it was removed." See Exhibit "C".

At deposition, Mr. Whited could not remember who told him the information regarding fuel removal and that he could only speculate as to who told him that information. See Deposition of Bradley Whited at p. 18, attached hereto as Exhibit "D". In fact, Mr. Whited admitted that such information "had to have been secondhand" and that he had no personal knowledge of fuel removal. See Deposition of Bradley Whited, at pp. 17, 18, Exhibit "D".

## III.  LEGAL ARGUMENT

The Federal Rules of Evidence define hearsay as a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. F.R.E. 801(c). Federal Rule of Evidence 802 states that hearsay is not admissible except as otherwise provided by the Federal Rules of Evidence. The burden is on the proponent of the evidence, here Plaintiffs, to demonstrate that an exception to the hearsay rule is applicable. Coyle v. Kristjam Palusalu Maritime Co., Ltd., 83 F.Supp.2d 535, 542 (E.D. Pa. 2000)

The reason hearsay is generally inadmissible is that hearsay statements are "inherently untrustworthy." Ezeagwuna v. Ashcroft, 325 F.3d 396, 406 (3d Cir. 2003) (citing U.S. v. Reilly, 33 F.3d 1396, 1409 (3d Cir. 1994)). Thus, the hearsay rule insists that a declarant be brought before a jury so the jury can "evaluate his credibility and thereby gauge the truth of

the statement itself." W.D. Rubright Co. v. International Harvester Co., 358 F. Supp. 1388 (W.D. Pa. 1973); see also Rossville Salvage Corp. v. S.E. Graham Co., 319 F.2d 391 (3d Cir. 1963) (hearsay statements are inadmissible because they violate rules that all testimony be given under oath and be subject to cross-examination by opposing party).

### A.    Mrs. Koons' May 24, 2002 Statement Regarding Fuel Removal Must be Precluded

The alleged statements by rescue personnel concerning fuel removed from the tanks contained in Mrs. Koons' May 24, 2002 statement are hearsay.  The statements were made out of court by unknown declarants and are being offered to prove the truth of the matter asserted.  As stated above, Piedmont denies that it caused or contributed to the crash and asserts that the crash was the result of fuel starvation.  Therefore, the key issue in this matter is the amount of fuel, if any, remaining in the tanks after the crash.

Moreover, the May 24, 2002 statement by Mrs. Koons constitutes hearsay within hearsay.  Mrs. Koons testified that the rescue personnel she spoke to were not actually at the scene of the crash site, but "they knew about" the crash. See Deposition of Sally Koons, at p. 47, Exhibit "B".  Therefore, the statements regarding the fuel made by unknown individuals to the rescue personnel Mrs. Koons spoke with constitute hearsay and the statements made by the rescue personnel to Mrs. Koons constitute double hearsay.  Federal Rule of Evidence 805 makes it clear that hearsay within hearsay is not admissible unless each of the hearsay components independently satisfies an exception to the hearsay rule.  F.R.E. 805; Carden v. Westinghouse Electric Corp., 850 F.2d 996, 1002 (3d Cir. 1988).

Therefore, Plaintiffs have the burden of demonstrating that both the statement made by unknown individuals to the rescue personnel Mrs. Koons spoke with and the statements made by the rescue personnel to Mrs. Koons fall within some exception to the hearsay rule. Plaintiffs are unable to meet this burden.

4

The identity of the individuals who made statements to rescue personnel Mrs. Koons spoke with and the identity of those rescue personnel is unknown. In <u>Carden v. Westinghouse Electric Corp.</u>, 850 F.2d 996 (3d Cir. 1988), the Third Circuit examined the admissibility of hearsay statements by unidentified declarants. The court noted that "declarations of unidentified persons are rarely admitted." <u>Id.</u> at 1003. The court stated that this was "undoubtedly due in part to the heavy burden which rests on the proponent of the evidence to satisfy evidentiary and trustworthiness requirements." <u>Id.</u> In that case, the court held that hearsay statements from unidentified declarants regarding discriminatory employment practices were inadmissible.[1]

Here, Mrs. Koons does not know the identity of the rescue personnel she spoke with and does not know the identity of the individuals who told the rescue personnel that approximately 20 gallons of fuel was removed from both the right and left tanks. <u>See</u> Deposition of Sally Koons, at pp. 50-51, Exhibit "B". Because the identity of these declarants are unknown, Defendants are unable to cross-examine the declarants and the jury is unable to gauge the credibility of the statements. Therefore, such hearsay statements are inadmissible. <u>See</u> <u>Carden</u>, *supra*.

Plaintiffs may attempt to argue that the hearsay statements fall within the excited utterance exception to the hearsay rule. In <u>Miller v. Keating</u>, 754 F.2d 507 (3d Cir. 1985), the Third Circuit examined whether the excited utterance exception authorized the admission of a statement by an anonymous declarant. In that case, the trial court admitted the statement of an

---

[1] Other courts have also held that hearsay statements of unknown declarants are inadmissible. <u>See</u> e.g. <u>Boykins v. Lucent Technologies, Inc.</u>, 78 F.Supp.2d 402 (E.D. Pa. 2000) (hearsay statement from unknown witness inadmissible at trial); <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957 (3d Cir. 1996) (hearsay statement of unknown individual "not capable of being admissible at trial").

unknown witness concerning the cause of an automobile accident.  On appeal, however, the Third Circuit found the admission was an error and remanded the case for a new trial.

In ruling, the Third Circuit first noted that when a declarant is unidentified, the party against whom the hearsay declarant's statement is introduced is "deprived not only of the right to cross-examine, but of any meaningful prospect of finding evidence of inconsistency or bias." Id. at 510.  The Third Circuit rejected the plaintiff's argument that the excited utterance exception to the hearsay rule applied.  The court stated that two elements were essential to the applicability of the excited utterance exception – personal knowledge and spontaneity.  Id. at 511.  The court found no circumstances outside of the statement to demonstrate that the unknown declarant was in a position to have seen what happened and to show he was excited when he spoke. Id. at 512.  Thus, the statements were inadmissible.

Likewise, the excited utterance exception is inapplicable here.  There is absolutely no evidence outside the statements establishing that the declarants had personal knowledge of the event and made the statements while in an excited state.  Mrs. Koons has no idea who told the rescue personnel about the removal of fuel and doesn't even know the identity of the rescue personnel who she allegedly spoke with.  For the same reasons, the present sense impression exception, which also requires proof that a statement was made while perceiving an event, is inapplicable.  F.R.E. 803(1).

As such, no exceptions to the hearsay rule apply and Mrs. Koons' May 24, 2002 statement concerning fuel removed from tanks is inadmissible.

**B.    <u>The Untimely Produced June 21, 2002 Email Must Be Precluded</u>**

Likewise, the June 21, 2002 email between Bradley Whited and Nate Askew must be precluded.  First, Plaintiffs never produced this email during discovery.  In fact, despite the

fact that Plaintiffs obtained this email in June 2002, the <u>first</u> time Plaintiffs produced the email was during the November 12, 2003 deposition of Bradley Whited.[2]

Second, the statements in the email regarding defueling of the aircraft constitute hearsay. Mr. Whited testified that he had no personal knowledge regarding the removal of fuel and that the statements in his email were only learned secondhand. See Deposition of Bradley Whited, at pp. 17, 18, Exhibit "D". Mr. Whited could not state who he learned such information from and in fact stated that he could only speculate as to who he learned the information from. Id. at p. 18.

Since the statements in the email concerning fuel removal were made out of court by unknown declarants and are being offered to prove the truth of the matter asserted, the email in inadmissible hearsay. F.R.E. 802; Carden, Miller, *supra*. Furthermore, because the identity of the individuals who allegedly told Mr. Whited about fuel removal is unknown, there is no independent evidence that these unknown individuals had personal knowledge of defueling or that such statements were made while in an excited state. Therefore, no exceptions to the hearsay rule apply. See Miller, *supra*; F.R.E. 803(1).

As such, Plaintiffs must be precluded from introducing the June 21, 2002 email and those portions of Mr. Whited's deposition regarding the email must be stricken.

---

[2]     Plaintiffs' counsel has argued that the email is protected by the attorney work product doctrine and therefore, Plaintiffs were not required to produce the email during discovery. The email, however, is between two individuals who are not parties to this lawsuit. The work product doctrine only protects documents prepared in anticipation of litigation by or for another party or by or for that party's representative. F.R.C.P. 26(b)(3). Documents prepared by non-parties, however, are not protected by the work product doctrine. Hunter v. Heffernan, 1996 WL 363842, *4 (E.D. Pa. June 28, 1996).

## IV.    **CONCLUSION**

For all the reasons set forth above, Defendants respectfully request that this Honorable Court grant their Motion in Limine and enter an order precluding Plaintiffs from introducing testimony, Mrs. Koons' May 24, 2002 statement and the June 21, 2002 email at the trial of this matter, as well as any testimony concerning hearsay statements regarding the amount of fuel, if any, removed from the fuel tanks.

Respectfully submitted,

COZEN O'CONNOR

BY: _____

        Ann Thornton Field, Esquire
        Attorney I.D. No. 52130
        Sara Anderson Frey, Esquire
        Attorney I.D. No. 82835
        1900 Market Street
        Philadelphia, PA  19103
        (215) 665-2000

        Attorneys for Defendants

Date:  December 4, 2003

8

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendants Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc., do hereby certify that a copy of the foregoing Motion in Limine and Memorandum of Law in Support, has been served upon opposing counsel by hand delivery this 4th day of December, 2003, as follows:

Arthur Wolk, Esquire
Wolk & Genter
1710-12 Locust Street
Philadelphia, PA 19103

Attorney for Plaintiffs


COZEN O'CONNOR


_____
Sara Anderson Frey, Esquire