IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : :  CIVIL ACTION : |
| Plaintiffs, | : |
| v. | : : JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC. | : : : : : No. 02CV2739 |
| | : |
| Defendants. | : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE STATEMENTS CONCERNING FUEL REMOVED FROM TANKS**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Hearsay Statements Concerning Fuel Removed From Tanks.

I.     **INTRODUCTION**

Defendant Piedmont moves this court to preclude statements made by rescue personnel to Sally Koons concerning the fuel removed from the tanks in the accident aircraft, and for statements contained in an email from Brad Whited to Nate Askew on the basis of Piedmont's argument that such statements are inadmissible hearsay.

These statements should not be excluded in advance of trial because both of them fall within hearsay exceptions. Specifically, the statement made to Mrs. Koons is admissible under the public records exception, pursuant to Fed. R. Evid. 803 (8), and the residual hearsay exception, pursuant to Fed. R. Evid. 807; and the statement made to Mr. Whited,

and later emailed to Mr. Askew, falls under the business and public records exceptions, pursuant to Fed. R. Evid. 803 (6) and (8), and pursuant to the residual hearsay exception, pursuant to Fed. R. Evid. 807.

## II. ARGUMENT

### A. THE STATEMENTS MADE BY RESCUE PERSONNEL TO MRS. KOONS ARE ADMISSIBLE HEARSAY.

The statements made by rescue personnel to Mrs. Koons regarding fuel removed from the accident aircraft are admissible hearsay in this case because they fall under the public records exception, pursuant to Fed. R. Evid. 803 (8), and under the residual hearsay exception, pursuant to Fed. R. Evid. 807.

Fed. R. Evid. 803(8) provides that "statements . . . in any form . . . of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report" are not excluded by the rule against hearsay.

Here, the statements made to Mrs. Koons were made by the rescue personnel involved in the accident. Those personnel are employees of public offices or agencies.[1] Furthermore, those employees were under a duty to respond to the accident, and to report on matters observed.

Accordingly, the statements made to Mrs. Koons by the rescue personnel are admissible pursuant to the Rule 803(8) public records exception. Furthermore, even if the statements constitute hearsay on hearsay as Piedmont argues, the statements are still admissible because the public records hearsay exception applies to both. Specifically, if the

---

[1] Rescue personnel were the City of Fayetteville, North Carolina, Fire Department, and employees of the Fayetteville Regional Granis Airport, which is owned and operated by the City of Fayetteville.

statements made by rescue personnel to Mrs. Koons were made by other rescue personnel to them, both such communications fall within the public records exception.

Additionally, the statements made to Mrs. Koons by rescue personnel are admissible pursuant to the residual hearsay exception, Fed. R. Evid. 807.

Fed. R. Evid. 807 provides that "[a] statement not specifically covered by [the other hearsay exceptions] but having . . . circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if . . . (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

The residual hearsay exception "does not represent a mere surplusage or useless appendage to the Rules; it has a significant purpose and substantial vitality of its own, and that is 'to encourage the progressive growth and development of federal evidentiary law by giving courts the flexibility to deal with new evidentiary situations which may not be pigeon- holed elsewhere.'" U.S. v. American Tel. and Tel. Co., 516 F. Supp. 1237, 1240 (D.D.C. 1981) (quoting United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977)) (also citing Huff v. White Motor Corp., 609 F.2d 286, 291 (7th Cir. 1979)).

The purpose of the residual hearsay exception "is simply to provide an evidentiary vehicle by which proffered hearsay statements which have 'circumstantial guarantees of trustworthiness' equivalent to the other exceptions may be admitted into evidence." U.S. v. Thevis, 84 F.R.D. 57, 69-70 (N.D. Ga. 1979).

Admission under the residual exception is appropriate when "the admission . . . would contribute to the ultimate goal of the determination of the truth through the adversary process, and would thereby serve the interests of justice." American Tel. and Tel. Co., 516 F. Supp. at 1240.

Here, the trustworthiness of the statements made by rescue personnel to Mrs. Koons is unquestionable. Rescue personal had no personal stake in the outcome of litigation resulting from the crash, and therefore statements of their observations are not subject to the potential for bias. Furthermore, the rescue personnel were eyewitnesses to what happened to the aircraft after the accident, and so they have first hand knowledge.

Additionally, this statement is highly probative of one of the most important issues at this trial, which is the content of the fuel tanks at the time of the crash. Since the rescue personnel may have been the only people with firsthand knowledge of the amount of fuel removed after the accident, statements made by them on that subject are critical to the issue of the amount of fuel in the tanks, and thus would further the ultimate goal of the determination of the truth through the adversary process.

Accordingly, the statements made by rescue personnel to Mrs. Koons are admissible at trial pursuant to both the public records hearsay exception, Fed. R. Evid. 803(8), and the residual hearsay exception, Fed. R. Evid. 807.

**B.    THE STATEMENTS MADE TO BRAD WHITED, AND SUBSEQUENTLY EMAILED TO NATE ASKEW ARE ADMISSIBLE HEARSAY**

The statements made to Mr. Whited concerning the amount of fuel removal after the accident, and later emailed by Mr. Whited to Nate Askew, are admissible hearsay in this case because they fall under the business and public records exceptions, pursuant to Fed. R.

Evid. 803 (6) and (8), and under the residual hearsay exception, pursuant to Fed. R. Evid. 807.

Defendants' argue that Mr. Whited does not know who provided him information as to how much fuel was removed from the aircraft after the accident, which he later forwarded by email to Mr. Askew. However, Mr. Whited does know that the information definitely came from either the City of Fayetteville Fire Department or Tony Coleman, the Assistant Airport Director of the City of Fayetteville; and that it definitely did not come from any other source. (See Excerpt Dep. of B. Whited attached as Exhibit "A").

Since the statement definitely was made by a public office or agency, the statement clearly falls under the public records exception, pursuant to Fed. R. Evid. 803(8).

Fed. R. Evid. 803(8) provides that "statements . . . in any form . . . of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report" are not excluded by the rule against hearsay.

Here, the statements, consisted of observations, which were made by either the city fire department, or by the assistant director of the city airport department, while they were acting under a legal duty, pursuant to their positions. Additionally, their observations were reported to Mr. Whited, who is the director of the city airport department, (see Exhibit "A"), while they were under a legal duty to make such a report.

Accordingly, this information concerning the amount of fuel removed from the accident aircraft after the crash falls under the public records hearsay exception pursuant to Fed. R. Evid. 803(8).

Furthermore, this information also falls under the business records exception, pursuant to Fed. R. Evid. 803(6).

Fed. R. Evid. 803(6) provides that "[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity" is not excluded by the hearsay rule.

Here the communication to Mr. Whited, was made from city employees, to the director of the city airport department, and therefore, it was communication during the course of regularly conducted business activity.  Furthermore, the email from Whited, constituted a business record based on information transmitted to Mr. Whited by a person with knowledge.

Accordingly, this information concerning the amount of fuel removed from the accident aircraft after the crash falls under the business records hearsay exception pursuant to Fed. R. Evid. 803(6).

Finally, as with the statements made to Mrs. Koons, the communication to Mr. Whited concerning the amount of fuel removed after the accident fall under the residual hearsay exception, pursuant to Fed. R. Evid. 807.

As stated above, the purpose of the residual exception "is simply to provide an evidentiary vehicle by which proffered hearsay statements which have 'circumstantial guarantees of trustworthiness' equivalent to the other exceptions may be admitted into evidence."  U.S. v. Thevis, 84 F.R.D. 57, 69-70 (N.D. Ga. 1979).

Furthermore, admission under the residual exception is appropriate when "the admission . . . would contribute to the ultimate goal of the determination of the truth through the adversary process, and would thereby serve the interests of justice."  U.S. v. American Tel. and Tel. Co., 516 F. Supp. 1237, 1240 (D.D.C. 1981).

Here, there is more than enough circumstantial guarantees of trustworthiness for this communication to be admitted pursuant to the residual exception.  Mr. Whited specifically said that he received the communication either from the City of Fayetteville Fire Department, or from Tony Coleman, assistant director of the city airport department. Either source is reliable, and acted under a legal duty to observe and report on these matters.  Additionally, neither of these sources had a personal stake in the outcome of potential litigation over this matter, and therefore, there is no potential for bias.

The communication received by Mr. Whited is also critical to a central issue in this case, which is, how much fuel was in the aircraft at the time it crashed.  Accordingly, this statement should be admitted pursuant to the residual exception because it would substantially further the ultimate goal of the determination of the truth through the adversary process.

Accordingly, the communications received by Mr. Whited concerning the amount of fuel removed from the aircraft after the accident, and emailed to Nate Askew, is admissible pursuant to the public records, business records, and residual exceptions to the rule against hearsay.

### III. CONCLUSION

For all of the reasons stated above, and more specifically, because the statements made to Mrs. Koons by rescue personnel concerning fuel removal fall under the public records hearsay exception, pursuant to Fed. R. Evid. 803(8), and the residual exception pursuant to Fed. R. Evid. 807; and because the communications made to Mr. Whited, and later emailed to Nate Askew, concerning fuel removal, fall under the business and public records hearsay exceptions, pursuant to Fed. R. Evid. 803 (6) and (8), and the residual

exception pursuant to Fed. R. Evid. 807, Defendants' Motion to Preclude Hearsay Statements Concerning Fuel Removed From Tanks should be denied.

        Respectfully submitted,

        WOLK & GENTER

BY: _____
        Arthur Alan Wolk, Esquire
        Attorney I.D.: 02091
        Richard E. Genter, Esquire
        Attorney I.D.: 30419
        Christopher J. Cerski, Esquire
        Attorney I.D.: 89611
        1710-12 Locust Street
        Philadelphia, PA  19103
        (215) 545-4220
        Attorneys for Plaintiffs