IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : |
| v. | : <br> : JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC. | : <br> : <br> : <br> : <br> : No. 02CV2739 |
| Defendants. | : <br> : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO PRECLUDE EVIDENCE OF MISSING OR DAMAGED SNAPS**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Missing or Damaged Snaps.

**I.   INTRODUCTION**

Defendant, Piedmont, moves this court for the preclusion of evidence at trial of missing or damaged snaps that would normally hold the rubber fuel bladder in the accident aircraft in place ("unattached snaps") on the basis of its argument that this evidence amounts to a new legal theory, and that it is beyond the scope of the Rule 26 reports prepared by plaintiffs' experts.

For the reasons more fully stated below, evidence concerning the unattached snaps does not constitute a new theory of liability, but rather is evidence in support of the theory of liability contained in plaintiffs' complaint and expert reports.

Furthermore, this evidence is well within the scope of the Rule 26 reports prepared by plaintiffs' experts, and defendants' should be estopped from arguing for the preclusion of specific details not included in such reports, because they chose not to depose plaintiffs' experts, and thus took, no steps to mitigate.

## II.     ARGUMENT

### A.     EVIDENCE OF MISSING OR DAMAGED SNAPS IS NOT A NEW THEORY OF LIABILITY

In this case, plaintiffs have clearly stated their theory of liability in the complaint. Specifically, that a wrinkle in the fuel bladder of the accident aircraft, allowed water to become trapped and enter the engine, which caused the accident; that Piedmont was under a duty to inspect for this wrinkle, and that its failure to do so was the proximate cause of the crash.

Piedmont argues that, if plaintiff brings evidence that a snap which holds the rubber bladder in place was not attached, that this non attachment caused the wrinkle, and that Piedmont's employees should have discovered the unattached snap; that this would be a completely new theory of liability.

Piedmont is incorrect in this argument. Evidence of the unattached snap does not support a new theory of liability, but rather it is evidence in support of plaintiffs' original theory of liability.

Nothing about the existence of an unattached snap changes the fact that plaintiffs' theory is that a wrinkle caused the accident. The unattached snap is not

contrary to this theory of causation, but rather *it is more factual evidence that a wrinkle did exist*.

Plaintiffs bear the burden of proof on the issue of causation. The existence of an unattached snap, which is a matter of fact, is nothing more than the evidence plaintiffs' are required to produce in support of their claim. It would make no sense to preclude plaintiffs from bringing actual factual evidence, that would be relevant to the issue of causation, which the Court is going to expect them to prove.

Furthermore, nothing about the existence of an unattached snap changes the fact that plaintiffs' theory is plaintiffs were under a duty to discover the wrinkle, which caused the accident. The unattached snap is not contrary to this theory of duty, but rather *is factual evidence in support of this theory* because the existence of the unattached snap is a problem with the fuel bladder that defendants should have discovered, and if discovered, it would have put defendants on notice to inspect the bladder for problems. See James v. McKenna, 2003 WL 21850644 *3-4 (E.D. La. Aug. 4, 2003) (rejecting plaintiff's argument that factual evidence that did not appear in defendants' pleadings, discovery responses, or expert reports, constituted new legal theories (affirmative defenses) suddenly revealed at trial, and instead holding that such evidence merely constituted factual evidence in support of defendant's already existing legal theory (contributory negligence)).

Since this is not a new theory of liability, but rather is factual evidence in support of plaintiffs' theory of liability, that is contained in plaintiffs' complaint, and in

plaintiffs' expert reports, plaintiffs should not be precluded from bringing this evidence at trial.

### B. UNATTACHED SNAPS ARE WITHIN THE SCOPE OF PLAINTIFFS' EXPERT REPORTS

To the extent that the existence of unattached fuel bladder snaps, their ability to cause the bladder to wrinkle, and their impact on the reasonableness of the care (negligence) exercised by Piedmont's employees will come in the form of expert opinion, this evidence is well within the scope of plaintiffs' expert reports.

The recent case of James v. McKenna, 2003 WL 21850644 *4-5 (E.D. La. Aug. 4, 2003) is instructive on this point. In James, a medical malpractice action where plaintiffs claimed that the patient later died as a result of complications resulting from a colostomy performed by the defendant doctor, the Court rejected plaintiffs argument, made in a post trial motion, that testimony of defendant's expert, a doctor, should not have been admitted because it was beyond the scope of the doctor's Rule 26 expert report.

Specifically, the defendants argued that the doctor presented new expert opinion testimony: 1) regarding the specific patient's optimal weight, and 2) the post- operative colostomy patients usually lose weight. Id. at *5.

The Court found that that such opinion testimony was "*well within the scope of*" the doctor's expert report, which had provided, in part, that the decision to operate will have been derived from a number of a number of factors, including the "*[p]atients [sic] clinical condition,*" and "*the presence or absence of compromising co morbidities.*" because the

report covered the doctor's opinion that those terms include the patient's weight and other health factors. Id. (emphasis added).

Additionally, the court found that a comparison of the health of the patient with similarly situated patients was a factor that any well trained physician would consider, and such evidence did not unfairly surprise or prejudice the defendants. Id.

Piedmont's argument here is similar to that advanced by the plaintiffs in James. In other words, as the plaintiffs' did in James, Piedmont seeks to exclude expert testimony that is fully within the scope of the expert reports, on the basis that it is not specifically stated in those precise terms in the reports.  However, much as the court in James held that testimony concerning a particular patient's optimal weight was well within the scope of a doctor's opinion that the "clinical condition" of the patient would be evaluated as a part of the decision to operate; here, expert testimony of an unattached snap that caused a wrinkle in the fuel bladder of the accident aircraft, and that defendants should have discovered the unattached snap, which would have caused them to discover the wrinkle, *fits precisely within the opinions* provided by plaintiffs' experts in their Rule 26 reports that a wrinkle in the fuel bladder existed, which caused the accident, and that Piedmont should have discovered the wrinkle.

C. **TO THE EXTENT THAT PIEDMONT FOUND PLAINTIFFS' EXPERT REPORTS INSUFFICIENTLY SPECIFIC, IT DID NOTHING TO MITIGATE**

To the extent that a party finds the other party's expert reports lacking in sufficient specifics, they are under a duty to mitigate the problem by conducting further discovery, such as depositions.

In <u>Porchia v. Design Equipment Co., a Div. of Griffith Laboratories</u>, 113 F.3d 877, 882, (8th Cir. 1997), the Eighth Circuit held that it was not an abuse of discretion for the trial court to permit expert testimony, despite the failure to provide adequate expert information to the plaintiff when the plaintiff failed to take any steps to mitigate by requesting additional time to conduct expert depositions, redeposing experts, or requesting the court's assistance to obtain additional expert information.  <u>See</u> <u>also</u>, <u>GAVCO, Inc. v. Chem-Trend Inc.</u>, 81 F. Supp.2d 633, 639 (W.D.N.C. 1999) (preclusion unwarranted when party failed to mitigate the effect of the opposing party's non-filing of an expert report, by attempting to depose the expert, or filing a motion to compel).

Here, Piedmont claims that absence of particular details in plaintiffs' expert reports, which support precisely the opinions stated in those reports, should warrant the preclusion of evidence concerning those details at trial.  However, Piedmont **did not depose any of plaintiffs' experts**.  Accordingly, Piedmont took no steps to flush out the specific details behind plaintiffs' experts' opinions, despite the fact that expert depositions are available pursuant to the Federal Rules of Civil Procedure for precisely that purpose.

Since Piedmont took no steps to flush out the specifics behind plaintiffs' expert reports by deposing the experts, it cannot now sit back and expect to have precluded every minor detail that was not mentioned in specific terms in the reports.  Accordingly, Piedmont's motion for the preclusion of evidence concerning unattached snaps should be denied.

## III. CONCLUSION

For all of the reasons stated above, specifically, that evidence concerning unattached snaps does not constitute a new legal theory, that such evidence is well within the scope of plaintiffs' expert reports, and that defendants' took no steps to flush out the details of plaintiffs' expert opinions by conducting depositions, defendants' motion in limine to preclude evidence regarding fuel bladder snaps or clamps should be denied.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.: 02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Attorneys for Plaintiffs