IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS, his wife, | :<br>: CIVIL ACTION<br>: |
| Plaintiffs, | : |
| v. | :<br>: JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC., n/k/a<br>HAWTHORNE AIRPORT SERVICES, INC.,<br>and PIEDMONT HAWTHORNE<br>HOLDINGS, INC. | :<br>:<br>:<br>:<br>: No. 02CV2739 |
| Defendants. | :<br>: |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE FOR PRECLUSION OF PLAINTIFFS'
CLAIM FOR PUNITIVE DAMAGES**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to Defendants' Motion In Limine For Preclusion of Plaintiffs' Claim for Punitive Damages.

**I.     INTRODUCTION**

On December 4, 2003 defendants' filed a motion in limine to preclude plaintiffs' claim for punitive damages.

For the reasons more fully stated below, specifically that a motion in limine is not the proper avenue to essentially strike a punitive damages claim, and that punitive damages are justified by defendants spoliation of evidence in this case, defendants' motion should be denied.

**II.    ARGUMENT**

A.  **A Motion in Limine is not the Proper Avenue to "Preclude" Plaintiff's Punitive Damages Claim**

"'The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" J.D. Fields & Co., Inc. v. Spearin, Preston & Burrows, Inc., 1999 WL 395115 *1 (E.D. Pa. 1999) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996), see also Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F. Supp. 1400, 1401 (D. Md. 1987) (a motion in limine, which is not a creature of either the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, is "*not* a device to narrow or fix the issues to be tried").

The District of Maryland has noted:

> The Federal Rules of Civil Procedure provide at least three motions designed to narrow or fix the issues for trial--motions to dismiss, for judgment on the pleadings, and for summary judgment--and *motions in limine are not among them*. This Court, in the interests of orderly pretrial proceedings, routinely fixes deadlines for filing such dispositive motions. This Judge has noticed an increasing tendency for last-minute summary judgment motions . . . to sneak up in limine clothing shortly before trial, after the deadline for orderly filing of summary judgment motions has passed. It is a practice strongly to be discouraged.

Id.; see also J.D. Fields & Co., Inc., 1999 WL 395115 at *1 (in breach of contract action, plaintiff's motion in limine was to preclude evidence presented by defendant, not on the basis of relevance, but rather on the basis of plaintiff's contention that such evidence was contrary to the terms of the agreement between the parties; and was not properly an issue for motion in limine, but rather was an issue to be resolved at trial, or in a motion for summary judgment).

Here, defendants' motion in limine for preclusion of plaintiffs' claim for punitive damages does not request a ruling on the relevance of certain forecasted evidence. Rather, defendants' motion is directly related to plaintiffs' claim for punitive damages stated in plaintiffs' complaint, and requests a ruling "precluding" that claim. Thus, defendants' motion is not an evidence-limiting motion, but rather an "issue narrowing" motion.

Therefore, defendants are essentially using the motion in limine as a back door motion to strike plaintiff's claim for punitive damages. However, the Federal Rules of Civil Procedure provide that the proper method of attacking a claim for punitive damages before trial is through either a motion to strike pursuant to Rule 12(f) or a motion for summary judgment pursuant to Rule 56. See West v. Goodyear Tire & Rubber Co., 973 F. Supp. 385, 386 (S.D.N.Y. 1997) (defendants motion in limine to strike plaintiff's claim for punitive damage is properly treated as a motion for summary judgment).

Here, under the Federal Rules, the deadline for filing a motion to strike pursuant to Rule 12(f) has passed since the defendants have filed their responsive pleadings in this matter.

Furthermore, pursuant to the Court's Third Scheduling Order dated July 9, 2003, the deadline for filing summary judgment motions was September 5, 2003, and has thus also expired. (See Exhibit "A" attached).

Accordingly, since defendants' motion in limine to preclude plaintiffs' claim for punitive damages is, in actuality, a motion to strike plaintiffs' claim for punitive damages, or a motion for summary judgment on the issue of punitive damages, and the deadlines have passed for motions to strike and motions for summary judgment, defendants' "issue narrowing" motion should be denied as untimely filed on the eve of trial.

B.      **S**POLIATION OF **E**VIDENCE **G**IVES **R**ISE TO **P**UNITIVE **D**AMAGES

Even if the Court did allow defendants' motion, as an untimely motion for summary judgment, the motion should still be denied on the basis of plaintiffs' evidence that defendants have engaged in spoliation of evidence, which supports a claim for punitive damages.

In a summary judgment motion, "[t]he moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).

Here, there is evidence that defendants have engaged in the spoliation of evidence, as reflected by the July 17, 2003 deposition of defendants' General Manager, Paul Tobin, attached hereto as Exhibit "B". Specifically, despite the facts that defendants have a policy whereby files are retained from two to five years, (Exhibit "B" pp. 54-55) and defendants do not engage in the formal destruction of retained documents at the end of these storage periods, (p. 62), defendants have been unable to produce the annual inspection checklist for the 2000 annual inspection, (pp. 40-41, 55), which was the last inspection conducted by defendants on the accident aircraft prior to the accident on May 9, 2000. (See generally Exhibit "B" pp. 40-62). Defendants were able to locate and produce the annual inspection checklist for the 1999 inspection of the accident aircraft. (Exhibit "B" pp. 40-41). However, despite being a regularly retained record as a part of defendants' business, defendants' have been unable to locate the 2000 checklist.

Since the 2000 checklist would have very significant bearing on the issue of defendants' negligence, the fact that it is missing gives rise to a strong inference that

defendants have engaged in the willful or reckless spoliation of critical evidence, or defendants have suppressed the evidence that an annual inspection checklist was never used, which is directly in violation of Piedmont's own procedures.

Under Pennsylvania law, spoliation of evidence can justify the recovery of punitive damages, since it may demonstrate actual knowledge of tortious conduct and may be indicative of a continuing pattern of egregious and reprehensible conduct that may justify the recovery of punitive damages. Doe v. Curran, 2000 WL 1283063, 45 Pa. D. & C.4th 544, 555 (Pa. Com. Pl. 2000).

Spoliation of evidence is commonly recognized in other jurisdiction as supporting an award of punitive damages. See e.g., General Motors Corp. v. McGee, 837 So.2d 1010, 1035, (Fla. App. 2002), as modified on clarification (Mar. 05, 2003) ("Evidence of concealment of offensive conduct after it initially occurred is indicative of malice or evil intent sufficient to support punitive damages") (punctuation omitted); State v. Moorhead State Univ., 455 N.W.2d 79, 85 (Minn. Ct. App. 1990) (defendant's encouragement of witnesses to lie and cover up evidence was sufficient to support punitive damages award); Orkin Exterminating Co. v. Jeter, 832 So.2d 25, 41-42 (Ala. 2001).

Punitive damages are designed to punish a defendant for outrageous conduct and to deter the defendant and others from engaging in similar conduct. Reading Radio, Inc. v. Fink, 833 A.2d 199, 214, 2003 Pa. Super 353 (Pa. Super. Sep 19, 2003). Criminal statutes are designed for the same purposes, and conduct is clearly outrageous when it is in violation of a criminal statute. Spoliation of evidence is made criminal by 18 Pa.C.S. § 4910. Accordingly, if plaintiffs can establish that the defendants engaged in intentional or reckless

spoliation of evidence, such conduct would be sufficiently outrageous to support an award of punitive damages.

Furthermore, under Pennsylvania law, the spoliation of evidence entitles plaintiffs to a jury instruction allowing an inference that the missing evidence would have been unfavorable to the party that destroyed it. Schroeder v. Com., Dept. of Transp., 551 Pa. 243, 250, 710 A.2d 23, 27 (1998); see also Doe, supra, 45 Pa. D. & C.4th at 555 (spoliation of evidence, "at a minimum" entitles plaintiffs to remedial sanctions in the form of an adverse inference instruction to the jury); Mensch v. BIC Corp, 1992 WL 23 6965 (E.D. Pa. 1992) (federal law permits an inference to be drawn in favor of the plaintiff that the missing document supports plaintiffs' claims).

Here where plaintiffs' complaint is based in part on negligently conducted inspections by the defendants, an annual inspection checklist for the year 2000 may or may not reflect such negligence; however, since defendants have withheld this document willfully and without explanation, or suppressed evidence that Piedmont never actually used the checklist during the inspection, which also would be evidence of Piedmont's negligence, plaintiffs are entitled to a jury instruction that allows for an inference that this missing document is evidence of negligence on the part of the defendants.

Accordingly, plaintiffs' evidence of spoliation by the defendants supports a punitive damages claim, and consequently, plaintiffs' claim for punitive damages should, at the very least, survive through plaintiffs' case in chief, after which Piedmont will then have the opportunity to challenge the sufficiency of plaintiffs' evidence in support of punitive damages claim by way of the proper motions.

**III.    CONCLUSION**

Defendants motion in limine to preclude plaintiffs' punitive damages claim is nothing more than a back door motion to strike plaintiffs' punitive damages claim or motion for summary judgment on plaintiffs' punitive damages claim, on the eve of trial. However, the time for both a motion to strike and a motion for summary judgment has expired. Furthermore, plaintiffs' claim for punitive damages is supported by evidence that defendants have engaged in spoliation of evidence. Accordingly, plaintiffs respectfully request that this Honorable Court deny defendants' motion to preclude plaintiffs' claim for punitive damages.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.:  02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Attorneys for Plaintiffs