IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : |
| v. | : <br> : JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC. | : <br> : <br> : <br> : <br> : No. 02CV2739 |
| Defendants. | : <br> : |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE DEFENDANTS USE AT TRIAL REPORTS PREPARED BY AL FIEDLER,
<u>OTHER THAN RULE 26(a)(2) REPORT</u>**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby move this Honorable Court to preclude the use by defendants at trial of any reports prepared by plaintiffs' expert Al Fiedler, other than the specific report prepared pursuant to Fed. R. Civ. P. 26(a)(2).

**I.     FACTUAL BACKGROUND**

This personal injury action arises out of the serious injuries sustained by Plaintiff Robert H. Koons, Jr. when the airplane he was piloting crashed on May 9, 2000.

On May 7, 2002, Plaintiffs Robert H. Koons, Jr. and Sally Koons filed this lawsuit on the basis that defendants' negligence in the performance of the annual inspection of the aircraft caused the accident.  Plaintiffs' complaint stated a claim for punitive damages.  Trial in this matter is scheduled to begin on Monday, December 15, 2003.

During the course of discovery in this matter plaintiffs' supplied to defendants, reports prepared by on plaintiffs' behalf by Al Fiedler, other than the "expert report" required by Fed. R. Civ. P. 26(a)(2). Mr. Fiedler was retained by plaintiffs to investigate the matters involved in this action in preparation for this litigation, and to act as a testifying expert at trial. The reports at issue in this motion, reflect the investigation, observations, conclusions, and opinions of Mr. Fiedler, prepared by him, at the direction of plaintiffs' attorney and were based on frequent communications back and forth between plaintiffs' attorney and Mr. Fiedler. Furthermore, these reports were prepared solely in anticipation of and in preparation for litigation. (See, Affidavit of Arthur Alan Wolk attached as Exhibit "A".)

These statements were absolutely exempt from discovery pursuant to the work product doctrine. However, plaintiff voluntarily produced them as a part of continuing settlement negotiations in an effort to settle the case. (See, Affidavit of Arthur Alan Wolk attached as Exhibit "A".)

As more fully described below, these reports should be precluded from use at trial by defendants because they were prepared in anticipation of litigation, and are thus subject to the work product doctrine. In addition, because they are statements made during the course of settlement negotiations the reports are inadmissible pursuant to Fed. R. Evid. 408.

II.   ARGUMENT

A.   THE REPORTS PREPARED BY AL FIEDLER ARE PRIVILEGED UNDER THE WORK PRODUCT DOCTRINE

"The purpose of the work product doctrine is to preserve the privacy of attorney preparation essential to the functioning of the adversary system." AAMCO Transmissions, Inc. v. Marino, 1991 WL 193502 *3 (E.D. Pa. 1991) (citing Hickman v. Taylor, 329 U.S. 495, 510-12 (1947). The work product doctrine has been partially codified in Fed. R. Civ. P. 26(b)(3), which provides that

> documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) [are privileged, and lose their privilege] only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means; [and even then] mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation [remain protected by the privilege].

"Thus the Rule sets forth a qualified privilege for 'ordinary' work product and an almost absolute privilege for 'opinion' work product." AAMCO Transmissions, 1991 WL 193502 at *3.

Here, Al Fiedler was specifically retained by plaintiffs' to investigate, and draw conclusions from certain matters involved in this action, specifically in preparation for this litigation. The reports prepared by Mr. Fiedler, other than his Rule 26 report and rebuttal report, are protected by the work product doctrine.

Pursuant to the work product doctrine, these reports were never discoverable in this action. Plaintiffs voluntarily submitted them to defendant Piedmont as a part of, and in order to facilitate settlement negotiations, as discussed further below. (See,

3

Affidavit of Arthur Alan Wolk attached as Exhibit "A".)  The purpose of submitting these documents was for the limited purpose of advancing settlement negotiations. These reports contain the mental impressions, conclusions, and opinions of Mr. Fiedler, which are subject to an absolute privilege which cannot be waived. See <u>AAMCO Transmissions</u>, 1991 WL 193502 at *3.  Therefore, plaintiffs did not waive their right to preclude the use of these reports at trial by the defendants pursuant to the work product doctrine.

Because Mr. Fiedler specifically prepared the reports in preparation for this litigation, the documents are protected by the work product doctrine.  Accordingly, plaintiffs respectfully request an order from this Court precluding their use at trial by defendant Piedmont.

**B.    THE REPORTS PREPARED BY AL FIEDLER ARE INADMISSIBLE PURSUANT TO FED. R. EVID. 408**

Federal Rule of Evidence 408 provides that "evidence of conduct or statements made in compromise negotiations" if otherwise not discoverable, is inadmissible at trial.

Here, the reports prepared by Mr. Fiedler were not otherwise discoverable since they are protected by the work product doctrine, as discussed above.  Plaintiffs only provided defendants with these reports as a part of, and specifically for the purpose of advancing, settlement negotiations.  (See, Affidavit of Arthur Alan Wolk attached as Exhibit "A".)

4

Therefore, these reports are completely inadmissible at trial pursuant to Fed. R. Evid. 408 and plaintiffs respectfully request that this Court preclude defendant Piedmont's use of the documents at trial.

### III. CONCLUSION

The reports prepared by Al Fiedler are inadmissible pursuant to both the work product doctrine and Fed. R. Evid. 408. Accordingly, plaintiffs respectfully request this Honorable Court for an order precluding defendants' use at trial all reports prepared by Al Fiedler which are subject to the work product doctrine, and which were provided to defendants pursuant to settlement negotiations.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.: 02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220
Attorneys for Plaintiffs