IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and <br> SALLY KOONS, his wife, <br> <br> Plaintiffs, <br> v. <br> <br> PIEDMONT HAWTHORNE AVIATION, <br> HAWTHORNE A-B-E, INC., n/k/a <br> HAWTHORNE AIRPORT SERVICES, INC., <br> and PIEDMONT HAWTHORNE <br> HOLDINGS, INC. <br> <br> Defendants. | : <br> : CIVIL ACTION <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : <br> : No. 02CV2739 <br> : <br> : |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR ACCIDENTS
AND/OR PROBLEMS RELATED TO FUEL BLADDERS**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby move this Honorable Court to preclude the use by defendants at trial of any reports prepared by plaintiffs' expert Al Fiedler, other than the specific report prepared pursuant to Fed. R. Civ. P. 26(a)(2).

I.  **FACTUAL BACKGROUND**

This personal injury action arises out of the serious injuries sustained by Plaintiff Robert H. Koons, Jr. when the airplane he was piloting crashed on May 9, 2000.

On May 7, 2002, Plaintiffs Robert H. Koons, Jr. and Sally Koons filed this lawsuit on the basis that defendants' negligence in the performance of the annual inspection of the aircraft caused the accident. Plaintiffs' complaint stated a claim for punitive damages. Trial in this matter is scheduled to begin on Monday, December 15, 2003.

## II.   ARGUMENT

Under the Federal Rules of Evidence, evidence of prior similar accidents is relevant and admissible to prove:  1) the existence of a dangerous condition,; 2) notice of a dangerous condition; and 3) causation.   National Freight, Inc. v. Southeastern Pennsylvania Transp. Authority, 698 F. Supp. 74, 77 (E.D. Pa. 1988) ("evidence of prior *similar* accidents is a proper and significant means of proving both the existence and knowledge of dangerous conditions"); Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 338-39 (5th Cir. 1980); rehg. den., decision clarified on other grounds, 620 F.2d 464, cert. den. 449 U.S. 1112 (prior similar collapse relevant to prove notice of dangerous condition, and "most especially, causation"); Espeaignnette v. Gene Tierney Co., Inc., 43 F.3d 1, 9 (1st Cir. 1994) (evidence of lack of prior accidents relevant to causation).

Here, plaintiffs' evidence of prior similar accidents, involving wrinkles in the fuel bladders of Cessna 210 aircraft, is relevant and admissible to prove that the wrinkling is a frequently occurring problem in Cessna 210's (dangerous condition exists), that the problem is widely known and understood in the aviation community, including by defendants (notice of dangerous condition), and that the wrinkle in the fuel bladder is capable of causing planes to crash (causation).

Here, defendants seek to preclude, as irrelevant, evidence of prior accidents involving the same type of wrinkling as alleged in this matter, in the same type of fuel bladder involved in this matter, and used in the same type of aircraft as the aircraft involved in this matter.

However, such evidence should not be excluded because it is highly relevant to this negligence action. The negligence of Piedmont in this action is based on the fact it should have discovered the wrinkle in the fuel bladder, and taken corrective action, and that because it didn't, the aircraft crashed.

The employees of Piedmont at the time of the inspection knew of the prior accidents and problems with the fuel bladder. (See Excerpt Dep. of Robert Boyd attached as Exhibits "A"). Thus, the prior accidents are relevant toward establishing that a potentially dangerous condition existed in the fuel bladder, and that Piedmont had sufficient notice of the potentially dangerous condition, such that reasonable course of action would be to inspect the fuel bladder for the wrinkle.

Defendants attempt to argue that the prior accidents should be excluded by making highly specific, minor distinctions between those accidents, and the accident at issue. Specifically, the defendants argue that the fuel bladder in this case is different because a drain kit had been installed in the fuel bladder involved here, while not in the prior accidents.

However, this minor difference has no effect on the relevance of the prior accidents to establish notice of a dangerous condition in this action because, the presence or non-presence of a drain kit does nothing to change the fact that Piedmont had notice of a recurring dangerous condition in the fuel bladder, and based on such notice the reasonable course of action would have been to check the fuel bladder for the wrinkle.

Additionally, the prior accidents are evidence that the fuel bladder is indeed vulnerable to wrinkling, and that such wrinkling can cause the accident. Therefore, the prior accidents are relevant to the critical issue of causation. In other words, the prior accidents are evidence that, if plaintiff proves there was a wrinkle in the fuel bladder, such a wrinkle would have been capable of causing the accident.

Again, on the issue of causation, the minor distinction defendants offer between the prior accidents and the accident at issue in this case does nothing to change the relevance of the prior accidents on the issue of causation. See Harkins v. Calumet Realty Co., 614 A.2d 699, 704 (Pa. Super 1992) (prior accidents do not need to be found to have an "exact similarity between the accident" but rather "some similarity must be shown"). Specifically, the presence or non-presence of a drain kit does nothing to change the fact that, if a wrinkle exists, it is capable of causing a crash; and even if it arguably did or did not, that would be an issuer for the finder of fact to resolve at trial.

## III. CONCLUSION

Evidence of prior accidents and problems in the same type of fuel bladder and aircraft as the one involved in this case are highly relevant and admissible on the issues of the existence of dangerous condition, defendants' notice of the dangerous condition, and causation, which are critical issues plaintiff must present evidence on in this negligence action. The minor distinctions defendant has asserted exists between those accidents and problems, does nothing to alter their relevance to these three key issues. Accordingly, plaintiff respectfully requests that this Honorable Court deny defendants'

4

Motion in Limine to preclude evidence of prior accidents and/or problems related to fuel bladders.

              Respectfully submitted,

              WOLK & GENTER

BY:  _____
     Arthur Alan Wolk, Esquire
     Attorney I.D.:  02091
     Richard E. Genter, Esquire
     Attorney I.D.: 30419
     Christopher J. Cerski, Esquire
     Attorney I.D.: 89611
     1710-12 Locust Street
     Philadelphia, PA  19103
     (215) 545-4220
     Attorneys for Plaintiffs