IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : |
| v. | : <br> : JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC. | : <br> : <br> : <br> : <br> : No. 02CV2739 |
| Defendants. | : <br> : |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' LIABILITY EXPERTS JERRY WELLS, A.J. FIEDLER AND DENNIS HANDLEY**

I.   **INTRODUCTION**

Defendant Piedmont Hawthorne moves this Court for an Order precluding all of plaintiffs' liability experts. Piedmont argues that plaintiffs have no factual finding to conclude that the wrinkle existed at the time Piedmont performed the 2000 inspection. Piedmont's Motion should be denied based upon the record and Piedmont's opposition to plaintiffs' request to create trial exhibits out of the aircraft wreckage, which would have provided plaintiffs substantial evidence that the wrinkle existed at the time of crash.

II.   **ARGUMENT**

Plaintiffs' experts should not be precluded from testifying at trial because the factual record provides support for their testimony. Moreover, Piedmont

objected to plaintiffs creating exhibits from the wreckage which would have provided additional evidence that the wrinkle existed at the time of the inspection.

The factual record supports the existence of the wrinkle at the time of the inspection. Contrary to Piedmont's assertions, signs exist to prove that the wrinkle was present at the time of the inspection. First, the wrinkle by appearance has taken a "set" position, which evidences that the wrinkle existed for a long time. (See Report of Jerry Wells dated 4/26/03 at p. 2 attached as Exhibit "A"). Moreover, corrosion from water entering the fuel pumps existed in the auxiliary pump as well as staining on the bottom of the filter screen of the gascolator, which provide signs of continued water contamination from the wrinkle. (See Report of Jerry Wells dated 4/26/03 at p. 3 attached as Exhibit "A"). In addition, the wrinkle is not consistent with an impact wrinkle because this wrinkle has a sharp increase in the rubberized material as opposed to a wavy appearance. (See, Report of Jerry Wells dated 4/26/03 at p. 2 attached as Exhibit "A").

Piedmont, in a self-serving manner, also claims that no Piedmont employees saw a wrinkle on the inspection date. That is precisely correct. However, the reason Piedmont did not see the wrinkle was because its inspector did not utilize an inspection mirror and conduct a complete inspection as referenced by Cessna Maintenance Manual, Advisory Circulars, and Airworthiness Directives.

Piedmont also argues that plaintiffs' experts should be excluded because Mr. Koons did not see the wrinkle during his preflight inspection. This argument bears no weight on this case because an inspection for fuel bladder wrinkles is not part of a pilot's preflight inspection, like it is part of a mechanics annual inspection to determine the airworthiness of the aircraft.

In addition, plaintiffs' experts should not be precluded because of the negative inference created by the non-existent Aircraft Inspection Report. Specifically, Piedmont retains the aircraft maintenance records pursuant to Federal Regulations. Piedmont possesses the records for both the 1999 and 2000 annual inspections. The difference between the two years is that Piedmont's records do not contain the Aircraft Inspection Report for the 2000 inspection. The non-existence of this document means that Piedmont did not use it during the inspection because had they generated the document Piedmont would have retained it with the other records for 2000. The absence of this document is suspect considering that Piedmont retained the proper paperwork from its prior annual inspection of the accident aircraft. Federal law permits an inference to be drawn in favor of the plaintiff that the missing document supports plaintiffs' claims. <u>Mensch v. BIC Corp</u>, 1992 WL 23 6965 (E.D. Pa. 1992). Consequently, plaintiffs can rely on this inference to support its claims that Piedmont failed to utilize the document to conduct a complete inspection or that the document evidenced Piedmont's negligence in not identifying or correcting the wrinkle. Therefore, plaintiffs can rely on this negative inference to support their claims.

3

Overall, Piedmont's attempt to exclude all plaintiffs' experts is exactly what plaintiffs argued Piedmont would do if this Court denied Plaintiffs' Motion to Create Trial Exhibits. Piedmont's Motion in Limine is nothing more than a continuation of Piedmont's plan to prevent plaintiffs from proving their burden. First, Piedmont objected to creating trial exhibits based on prejudice. Now, Piedmont claims that no evidence exists to prove that the wrinkle existed at the time of the 2000 inspection. As plaintiffs' expert Mr. Wells testified through Affidavit, creating exhibits from the wreckage will provide witness marks and other signs that the wrinkle existed at the time of the accident. (See Affidavit of Jerry Wells attached as Exhibit "B"). Therefore, plaintiffs request this Court to deny defendants' Motion and reconsider Plaintiffs' Motion to Create Trial Exhibits.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.: 02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Attorneys for Plaintiffs