IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS, his wife,<br><br>  Plaintiffs,<br>  v.<br><br>PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC., n/k/a<br>HAWTHORNE AIRPORT SERVICES, INC.,<br>and PIEDMONT HAWTHORNE<br>HOLDINGS, INC.<br><br>  Defendants. | :<br>:  CIVIL ACTION<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:  No. 02CV2739<br>:<br>: |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO EXCLUDE WORK ORDER NO. 2609 AND WORK ORDER NO. 2736**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum in Opposition to Defendants' Motion in Limine to Exclude Work Order No. 2609 and Work Order No. 2736.

**I.   INTRODUCTION**

Defendant Piedmont moves this court to exclude work orders 2609 and 2736. Essentially, defendant argues that the work orders are not relevant and their probative value is outweighed by their possible confusion. Defendant Piedmont's arguments focus too narrowly on the potential relevancy of the work orders. The work orders demonstrate that defendant did not follow its own procedures in the 2000 annual inspection. In addition, the work orders evidence Piedmont's consistent, repetitive practice to certify that work conducted on the accident aircraft was repaired and

inspected in accordance with the Cessna maintenance manual, which is an issue in this case.

Therefore, the plaintiffs request this Court deny defendant Piedmont's motion to preclude work orders 2609 and 2736, or in the alternative, delay ruling on this motion until plaintiffs have attempted to offer the work orders into evidence, which will allow the court to determine the relevancy as related to the specific situation at trial.

## II.    ARGUMENT

The Federal Rules of Evidence:

> considers relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Here, work orders 2609 and 2736 support plaintiffs claim that Piedmont's 2000 annual inspection fell below the standard of care Piedmont owed to plaintiffs and thus constituted negligence. Specifically, work order 2609 pertains to the annual inspection conducted in 1999. These records indicate that Piedmont Hawthorne utilized and retained maintenance files associated with the annual inspection, including the Aircraft Inspection Report. A similar Aircraft Inspection Report does not exist in the 2000 annual inspection records. Plaintiffs assert that this leads to one conclusion: Piedmont Hawthorne violated its own procedures and fell below the standard of care it owed to Mr. Koons by failing to utilize the Aircraft Inspection Report to conduct its annual inspection. The failure to use such a report is significant because the aircraft

2

inspection report provides a systematic checklist of systems and components for a mechanic to inspect during an annual inspection. Plaintiffs believe that Piedmont's failure to use the Aircraft Inspection Report in year 2000 and maintain this report in its records evidence Piedmont's failure to identify the wrinkle during the annual inspection. In addition, work order 2609 is instructive to the jury because Piedmont Hawthorne performed the final two inspections of the accident aircraft. Consequently, Piedmont had two times to identify the wrinkle in the fuel bladder and take corrective action.

Both work orders 2609 and 2736 are relevant to this action because plaintiffs claim that Piedmont's 2000 annual inspection fell below the standard of care because Piedmont did not drain the fuel from the fuel tank and do a thorough inspection as required by the Cessna Maintenance Manual. Plaintiffs anticipate that Piedmont will argue that it was not required to utilize the Cessna Maintenance Manual during an annual inspection. However, both 2609 and 2736 indicate Piedmont's continued business practice to certify that the aircraft and its components were repaired and inspected in accordance with current instructions contained in the Cessna Maintenance Manual, and the maintenance rules of the Federal Aviation Regulations. At the very least, these documents should be admitted into evidence to show Piedmont's pattern and continued reliance on the Cessna Maintenance Manual which required Piedmont to conduct a more thorough inspection of the fuel bladder during the 2000 inspection.

Therefore, because the work orders evidence Piedmont's failure to use the Aircraft Inspection Report during the year 2000 annual inspection and the work orders

confirm Piedmont's continued business practice to use the Cessna maintenance manual during inspections and repair, these work orders are relevant to the instant action. Accordingly, plaintiffs request that this Court deny Piedmont's Motion to Preclude Work Orders 2609 and 2736. In the alternative, plaintiffs request that this Court defer disposition of this motion until plaintiffs attempt to introduce these work orders at trial. Such a delay will allow the court to evaluate and determine the relevancy of these documents as presented at a specific time and for a specific purpose at trial.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.:  02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Attorneys for Plaintiffs