IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS, his wife,<br><br>                Plaintiffs,<br>     v.<br><br>PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC., n/k/a<br>HAWTHORNE AIRPORT SERVICES, INC.,<br>and PIEDMONT HAWTHORNE<br>HOLDINGS, INC.<br><br>                Defendants. | :<br>: CIVIL ACTION<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: No. 02CV2739<br>:<br>: |

**PLAINTIFFS' RESPONSE MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
PLAINTIFFS' ECONOMIST HARVEY ROSEN**

      Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiffs' Economist Harvey Rosen.

**I      INTRODUCTION**

      Defendant Piedmont Hawthorne moves this Court for an Order precluding plaintiffs' economist, Harvey Rosen. Piedmont argues that plaintiffs failed to take into consideration that Mr. Koons was allegedly retired and Mr. Koons was working full time since September, 2002. Defendants' argument ignores the differential analysis of Dr. Rosen and the full deposition transcript of Mr. Koons.

**II    ARGUMENT**

Plaintiffs' economist properly forecasted Mr. Koons' lost earnings capacity. Pennsylvania law provides that a plaintiff may recover economic damages for lost earnings capacity, "whether the loss in capacity actually reduces his earnings or not and it is for the jury to decide the extent and duration of the loss." Fish v. Gosnell, 316 Pa. Super. 565, 582, 463 A.2d 1042, 1051 (1983).

In the instant case, Piedmont challenges Dr. Rosen's opinion for not considering the deposition testimony of Mr. Koons and failing to subtract his current salary. The problem with Piedmont's argument is that Mr. Koons did not testify during deposition that it was his plan to live off of his Chrysler package until the time he was able to sign up for social security benefits. Mr. Koons specifically testified as follows:

> **Ms. Field**: Okay, so as of February 2000, am I correct that your plan was to continue to receive the Chrysler package until you signed up for Social Security at age 65?
>
> **Mr. Koons**: That's correct

Koons dep. tr. at pp. 27; lines 23-24; p. 28; lines 1-4 attached as Exhibit "A".

This deposition testimony only establishes that Mr. Koons expected to receive the plan until age 65. The testimony does not negate the fact that Mr. Koons either planned to return to work at the time of the accident or at a

minimum had a capacity to do so. (Koons dep. tr. at pp. 156-157 attached as Exhibit "B").

Specifically, Mr. Koons testified that he was attempting to look for work and had some available opportunities in insurance property/casualty just prior to the accident. (Koons dep. tr. at pp. 156-157 attached as Exhibit "B"). Mr. Koons also testified that just as he started looking for work, he was in the accident. Id. Consequently, plaintiffs' economic report took into account Mr. Koons' entire deposition testimony and provides an accurate forecast of his economic losses due to the accident.

Piedmont also argues that Dr. Rosen failed to take into account that Mr. Koons is currently working. This is not true. Dr. Rosen's report is a differential earnings analysis, which compares the salary of Mr. Koons in an insurance property/casualty position to the salary he current receives as a full time employee. Dr. Rosen's conclusions, therefore, are the difference between the two salaries for the remainder of his working life. To the extent that Piedmont wants to challenge Dr. Rosen's method of forecasting, Piedmont should interrogate him on cross-examination and the jury should be permitted to determine the weight and credibility of Dr. Rosen's testimony.

Therefore, plaintiffs request this Court to deny Piedmont's Motion to Preclude Harvey Rosen. In the alternative, plaintiffs request this Court to delay disposition of this Motion until after the testimony of Mr. Koons. Mr. Koons' testimony will provide the Court with an evidentiary record to determine

whether plaintiffs' claim for future economic loss is proper. Piedmont will not be prejudiced by delaying disposition of this Motion because the Court can revisit Piedmont's objections at trial when plaintiffs offer Dr. Rosen as a trial witness.

                                          Respectfully submitted,

                                          WOLK & GENTER

BY: _____
                Arthur Alan Wolk, Esquire
                Attorney I.D.: 02091
                Richard E. Genter, Esquire
                Attorney I.D.: 30419
                Christopher J. Cerski, Esquire
                Attorney I.D.: 89611
                1710-12 Locust Street
                Philadelphia, PA  19103
                (215) 545-4220
                Attorneys for Plaintiffs