IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and<br>SALLY KOONS, his wife, | :<br>: CIVIL ACTION<br>: |
| Plaintiffs, | : |
| v. | :<br>: JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION,<br>HAWTHORNE A-B-E, INC., n/k/a<br>HAWTHORNE AIRPORT SERVICES, INC.,<br>and PIEDMONT HAWTHORNE<br>HOLDINGS, INC. | :<br>:<br>:<br>:<br>: No. 02CV2739 |
| Defendants. | :<br>: |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO LIMIT PLAINTIFFS TO ONE LIABILITY EXPERT**

Plaintiffs, Robert H. Koons, Jr. and Sally Koons, by and through their undersigned counsel, hereby submit this Memorandum in Opposition to Defendants' Motion in Limine to Limit Plaintiffs to One Liability Expert.

I.   **INTRODUCTION**

Defendant Piedmont Hawthorne moves this Court for an Order limiting plaintiffs to one liability expert witness. Piedmont argues that the expert reports of Mr. Fiedler, Mr. Wells and Mr. Handley are identical and the experts appear to vouch for the previous expert's testimony. Defendant Piedmont's assertions are contrary to Federal law regarding expert testimony and therefore this Motion should be denied.

II.    **ARGUMENT**

Plaintiffs should not be precluded from offering expert testimony intended to assist the jury regarding specific issues raised in this case.

The Federal Rules of Evidence provide that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Planned Parenthood of Central New Jersey v. Verniero, 22 F.Supp. 2d 331, 338 (D.N.J. 1998); Fed. R. Evid. 702. "The helpfulness of the expert testimony, i.e., whether it will assist the trier of fact to understand the evidence or to determine a fact in issue, controls the general rule. "Id. The test for a trial judge to limit the number of expert witnesses is determined by whether the witnesses' testimony will be cumulative. Id. at 339.

Here, plaintiffs' experts are not cumulative and therefore should not be precluded from testifying at trial. Plaintiffs' chose each of its experts to assist the jury in understanding the various aspects of plaintiffs' theory. Specifically, Mr. Fiedler is an accident reconstructionist. Mr. Fiedler will reconstruct the accident flight including flight times, fuel consumption, weather, piloting inspection procedures, as well as pilot operation issues. (See, Fielder report attached Exhibit "A".)

Mr. Wells is an expert in Cessna fuel tanks and specifically the wrinkle problems with Cessna fuel cell bladders. His extensive background compares with no other expert in this case. (See, curriculum vitae of Jerry Wells attached as Exhibit "B".) Mr. Wells will be plaintiffs' principle expert to demonstrate to the jury, through court room exhibits and his expertise, the nature and affect of wrinkles in the fuel bladder. (See report of Jerry Wells attached as Exhibit "C".) Mr. Wells will educate the jury on how a wrinkle results in water retention, which causes engine power interruption. (Report of Wells dated 4/26/03 at p. 2). Mr. Wells will also testify regarding the history of Cessna wrinkle problems.

Mr. Handley possesses special knowledge in the maintenance of aircraft and certified repair stations. Mr. Handley is plaintiffs only expert who maintains an inspection authorization from the Federal Aviation Administration. (See curriculum vitae of Dennis Handley attached as Exhibit "D". Mr. Handley's testimony will focus on the erroneous opinions of Mr. Stimpson. (See, report of Dennis Handley attached as Exhibit "E".) For example, his testimony will rebut Mr. Stimpson's testimony that "Hawthorne had no warning, duty or obligation to inspect the tanks in greater detail than was done during their inspection" by explaining to the jury the requirements of the Cessna maintenance manual and federal regulations, which Piedmont certified that it complied with. (See, report of Douglas Stimpson at p. 5 attached as Exhibit "F".) In addition, Mr. Handley identifies simple and required methods to inspect fuel bladders. (i.e. use of an inspection mirror).

Therefore, each expert will testify and offer opinions unique to each expert's knowledge and experience. Plaintiffs assures this Court that the testimony will not be cumulative, but rather, helpful and instructive to the jury. Accordingly, plaintiffs request this Court to deny Piedmont's motion.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.: 02091
Richard E. Genter, Esquire
Attorney I.D.: 30419
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220
Attorneys for Plaintiffs