IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE : A-B-E, INC., n/k/a HAWTHORNE AIRPORT : SERVICES, INC., and PIEDMONT HAWTHORNE : HOLDINGS, INC., : | No. 02CV2739 |
| Defendants. : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ANY AND ALL REFERENCE
TO, OR OFFERING INTO EVIDENCE OF, THE NTSB PROBABLE CAUSE
DETERMINATION AND/OR FACTUAL REPORT CONTAINING
<u>OPINION TESTIMONY</u>**

Listed as Exhibit "53", in the defense exhibit books, is "NTSB Report". Included in that exhibit is not only the factual aviation accident report prepared by the National Transportation Safety Board investigator but also the brief of accident for this crash, which contains the full Safety Board's opinions and conclusions regarding the probable cause of the accident, and which, as Piedmont and its counsel are well aware, is statutorily inadmissible in this civil trial, arises from that accident referred to in the NTSB's Report.

The National Transportation Safety Board ("NTSB" or "Safety Board") is the federal agency charged with investigating aircraft accidents nationwide. In the course of its investigation of this accident, the Safety Board gathered and examined information on the circumstances surrounding the accident. The air safety investigator in charge of the accident investigation prepared a factual accident report which analyzed the information he uncovered and contains opinions and conclusions on how various events and occurrences contributed to the

crash. The full Safety Board issued a brief of accident containing its probable cause determination.

In the process of providing the above-described analysis, the Board and its report necessarily reach conclusions about the actions or in actions of various entities and how they may have contributed to the crash. These conclusions, while within the authority and expertise of the NTSB, are designed to enhance safety, not impose liability. The factual report is not comparable to the findings which the trier of fact must make in this case. Since the NTSB must make conclusions adopting one theory over another so that it can make safety policy determinations, and since the NTSB does not operate under the same rules of evidence and concepts of burden of proof as apply in a court of law, these conclusions clearly are not akin to the eventual findings that will be made by the jury in this case. Cf. Thomas Brooks Chartered v. Burnett, 920 F.2d 634, 639 (10th Cir. 1990) (the Board's accident report is "litigation neutral").

The Federal Aviation Act provides:

> No part of any report or reports of the National Transportation Safety Board relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports.

49 U.S.C. App. § 1441(e).

In addition, regulations promulgated pursuant to this statute provides that any portion of the NTSB reports are not admissible in this case. See 49 C.F.R. § 835.2 ("*no part* of these reports may be admitted as evidence and used in any suit or action for damages growing out of any matter mentioned in such reports. . . ."); 49 C.F.R. § 835.3 ("[these provisions] preclude the use or admission into evidence of the Board's accident reports in any suit or action for damages arising from accidents").

The reason for the statutory preclusion of the report is this:

> [T]he conclusions or opinions of the administrative agencies or boards or any testimony reflecting directly or indirectly the ultimate views or findings of the agency or board are generally inadmissible because they would tend to usurp the function of the jury. As Wigmore maintains, the phrase "usurp the functions of the jury" is not accurate, but nevertheless such testimony is inadmissible because it falls within the general rule which excludes hearsay and opinion evidence. The reports of ex parte hearings and investigations were generally excluded, not because of the danger of "usurpation of the jury's functions", but because the evidence is improper and irrelevant, even if the hearing is before a judge sitting without a jury. Such reports, or testimony concerning such reports, would be hearsay based upon hearsay. The rights of parties are to be determined by testimony adduced at the trial according to the rules of examination and cross-examination. It is quite clear that Section 701(e) [of the Federal Aviation Act] reveals the intention to preserve the functions of the court and jury uninfluenced by the findings of the Board or investigators.

Id. at 1000 (footnotes omitted). Accord Thomas Brooks Chartered, supra, 920 F.2d at 639 (relying on § 1441(e) and § 1903(c) to hold "NTSB reports are barred as evidence in court"); Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc., 767 F.2d 1379, 1385 (9th Cir. 1985) (affirming district court's exclusion from evidence of the Board's accident report, including the factual findings, even though it acknowledged that other courts have sometimes admitted portions of these reports); Travelers Insurance Co. v. Riggs, 671 F.2d 810, 816 (4th Cir. 1982) (district court properly excluded conclusory sections of NTSB reports); Benna v. Reeder Flying Service, Inc., 578 F.2d 269, 271-72 (9th Cir. 1978) ("There's no question that it was error for the jury to review this accident report since by statute the report is inadmissible evidence"; separate probable cause report "would have definitely prejudiced the jury by unfairly placing a government stamp of approval on the probable cause of the accident"); In re Air Crash Disaster Near Sioux City, Iowa, 780 F. Supp. 1207, 1208-09 (N.D. Ill. 1991) (statute is "absolute bar to

use of NTSB reports"). But see In re Air Crash Disaster at Stapleton International Airport on November 15, 1987, 720 F. Supp. 1493, 1496 (D. Colo. 1989) (allowing use of NTSB factual report but not probable cause determination).

The Third Circuit recognizes that the fundamental policy excluding the NTSB's probable cause determination and report is to secure full and frank disclosure as to the probable cause of the accident and to prevent future accidents. Berguido v. Eastern Airlines, Inc., 317 F.2d 628, 631 (3rd Cir. 1963). The Philadelphia Court of Common Pleas recognized in Christ v. IBM, 20 Phila. Co. Rptr. 610, 377 (Pa. Com. Pl. 1989), that the NTSB report is precluded from use in a civil case.

The attempt to use the probable cause determination as evidence to persuade the jury that pilot error or some other forces caused the crash cannot be countenanced. The probable cause determination and the factual report containing opinion testimony should not be allowed into evidence and should be stricken from the record.

For the reasons set forth herein, Plaintiffs respectfully request that the Court preclude any and all reference to, or offering into evidence of, the NTSB Probably Cause Determination and/or Factual Report containing opinion testimony.

Respectfully submitted,

WOLK & GENTER

BY: _____
Arthur Alan Wolk, Esquire
Attorney I.D.:  02091
Christopher J. Cerski, Esquire
Attorney I.D.: 89611
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Attorneys for Plaintiffs

4