IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : CIVIL ACTION |
| Plaintiffs, | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC., | : No. 02CV2739 |
| Defendants. | : |

**PLAINTIFFS MOTION FOR JUDGMENT NOTWITHSTANDING THE
VERDICT OR IN THE ALTERNATIVE A NEW TRIAL**

Plaintiffs, Robert and Sally Koons, individually request this Honorable Court pursuant to Federal Rules of Civil Procedure 50 and 59 for an order entering judgment not withstanding the verdict or, in the alternative, an order granting plaintiffs a new trial. In support of plaintiffs' motion, plaintiffs offer the following reasons:

1. This lawsuit arises out of an airplane accident which occurred on May 9, 2000 when the single engine Cessna 210 aircraft piloted by plaintiff, Robert Koons crashed in Fayetteville, North Carolina.

2. Trial of this matter began on December 15, 2003 and concluded on December 19, 2003. At the conclusion of defendant Piedmont's case-in-chief, plaintiff made a motion for judgment as a matter of law. The Honorable Mary A. McLaughlin denied plaintiffs motion for judgment as a matter of law and sent the case to the jury. The Jury returned a verdict finding that defendant Piedmont was not negligent.

3. The court erred in refusing to allow the use of SDR's when they were required by the defendant's Inspection Manual and would have shown that the plaintiffs' version of the inspection criteria and failure mode was correct.

4. The court erred in refusing to allow the plaintiffs to use Accident and Incident Reports when the defendant was required by its inspection manual to be aware of them and which would have shown the jury that others had had the same malfunction without running a tank dry or out of gas as defendant argued.

5. The court erred in refusing to preclude defendant's expert, Mr. Stimpson, from performing a courtroom demonstration that was never once mentioned in the pre-trial documents, at the pretrial conference, or any other time until after the start of trial, which prejudiced the plaintiffs from preparing adequately for the demonstration.

6. The court erred, during cross examination of Mr. Stimpson, by precluding plaintiffs' experts, who were in the courtroom, from assisting in the replication of the demonstration with the maladjusted wing and valves in order to properly adjust the exhibit, the court's preclusion allowed the defendant's expert Mr. Stimpson and his assistant to once again cause corruption of the demonstration.

7. The court erred by allowing Mr. Stimpson to give opinions not made in his expert report or even referred to therein. For example, Mr. Stimpson testified, without prior notice to plaintiffs, concerning the source of fuel leakage at the scene from the right tank, the enroute flying time by plaintiff, the pre-landing checklist, and his opinion that inspection checklists are not required documents to be kept.

8. The court erred in allowing, over objection, the defense witness Mr. Boyd to testify as to inadmissible hearsay that the FAA verbally gave him permission not to retain the

airworthiness inspection check lists when the defendant's own inspection manual required otherwise without exception; thus, denying plaintiff the reasonable inference that the inspection had not been made.

9. The court erred in permitting defense witness Mr. Boyd to testify as to what the annual inspection of the fuel tank would have been when he admitted that he could not remember anything about it.

10. The court erred in interrupting plaintiffs' counsel's redirect of plaintiffs' expert Mr. Fiedler to ask why defense counsel was not objecting, thus, inadvertently coaching defense counsel to make objections when she had not and disrupting the flow of the redirect of this critical witness and making the jury think it was wrong.

11. The court erred in failing to grant any of the three mistrial motions when defense counsel continuously and improperly made reference to inadmissible documents during defendant's examination of plaintiffs' witnesses, which prejudiced plaintiff by the jury receiving and hearing inadmissible and highly prejudicial evidence including NTSB findings, as well as conclusions in the Cessna mishap report.

12. The court erred in admitting over plaintiffs' objections plaintiffs' expert Fiedler's interim reports to counsel that were provided to defendant's insurance adjuster for settlement discussion purposes only and plaintiffs understood those discussions and the bases in forming them to be completely privileged.

13. The court erred in refusing to permit evidence of lost earning capacity damages by concluding that the damages had to be reasonably certain of calculation in violation of Pennsylvania law.

14. The court erred in refusing plaintiffs' proof of economic damages when there was testimony sufficient to allow a jury to conclude that plaintiff would have entered into the business of selling car-dealer insurance had this accident not happened.

15. The court erred in refusing to allow plaintiff to ask plaintiffs' treating orthopedic surgeon about his post traumatic stress disorder when the existence of it was confirmed in the treating hospital's records and the surgeon was qualified to give such opinions.

16. The court erred in excluding the inspection invoice of 1999 which showed that defendant had failed to comply with the requirements of the Cessna inspection twice before the accident.

17. The court erred in refusing plaintiffs' request for voir dire on defendant's expert Stimpson's exemplar given the failure of defendant to disclose the courtroom demonstration prior to trial. Such would have shown the exemplar to be altered from the legitimate configuration of the aircraft, in an effort to provide a guaranteed false result in favor of defendant. Voir dire would have justified the court granting a motion to preclude its use before the damage was done to the jury.

18. The defense expert Mr. Stimpson was either mistaken or otherwise when he read the defense expert's hearsay report of winds aloft, not found or referred to in his report. That report was deliberately false as the winds were not corrected for magnetic variation or if so were falsely stated such that the jury was misled into believing, as Stimpson testified, that plaintiff Koons' testimony as to the flight time was "impossible". This caused untolled prejudice, pursuant to Fed. R. Civ. P. 59, which entitles plaintiffs to a new trial as Mr. Stimpson relied upon false data and testified to the jury that the report was corrected for magnetic variation; therefore, Mr. Stimpson gave false testimony.

19. A new trial should be granted because defendant's consultant, Compu-Weather, upon whose report defense expert Stimpson relied, not only falsely stated the winds aloft, but couched them in terms that would imply they were corrected for magnetic variation; thus, allowing defense expert Stimpson to falsely testify that Koons' flight in the time expressed was "impossible".

20. Plaintiffs are entitled to a new trial because defense counsel showed the jury the diagram of the aircraft fuel system in closing and impermissibly argued, in contradiction to all record evidence, including that of defense expert Stimpson, that the fuel leaking from the left tank would **not** have to pass through the broken gascollator, but could go from the right tank directly through the fuel selector valve to leak out the left tank. This representation by defense counsel prejudiced plaintiff by providing the jury with a false understanding of what generated the fuel leak from the left tank.

21. The court erred in refusing to allow the plaintiff to assert a breach of warranty claim at the close of all the evidence even though withdrawn by plaintiffs before the evidence was concluded when the evidence adduced by both plaintiff and defense demonstrated that there was a breach of the defendant's warranty that it used the Cessna maintenance manual for the inspection and defendant fully defended against that claim.

22. The court erred in refusing to allow the plaintiffs to prove the damages suffered from the loss of the aircraft by holding the property damage hostage to the admission of irrelevant, immaterial, and prejudicial evidence of Mr. Koons' inadvertent lapse of his medical certificate in violation of Pennsylvania's collateral source rule.

23. The court erred in refusing to grant plaintiffs' motion for a directed verdict at the close of all the evidence because the defendant's evidence was legally insufficient to rebut

plaintiffs' case-in-chief. Specifically, the totality of defendant's evidence amounted to a fact witness, Mr. Boyd, who remembered nothing about the negligent inspection and a flawed, misleading, inaccurate, and undisclosed demonstration by defendant's expert Mr. Stimpson.

24. In violation of the Court's order obtained at the **request** of defense counsel not to speak to plaintiff's expert Fiedler, during his cross examination and before redirect, defense counsel violated the same by speaking to defense expert Stimpson during cross examination to coach him and he her for redirect examination thus prejudicing plaintiffs.

25. While any **one** of the referenced errors may not have affected the outcome, the totality of them made it impossible for the plaintiffs to get a fair trial and prevented the jury from understanding the scope of the risk to the plaintiffs imparted by the defendant's conduct, the seriousness of plaintiffs' damages, and the foreseeable consequences of defendants' failure to conduct the 2000 annual inspection.

26. Plaintiffs reserve the right to supplement these reasons upon receipt of the reproduced record and after discovery is completed in their lawsuit against Compu-Weather. Plaintiffs will submit a brief in support of plaintiffs' motion for judgment not withstanding the verdict or in the alternative a new trial upon receipt of a briefing schedule ordered by this Court.

Respectfully submitted,

Arthur Alan Wolk, Esquire
Christopher J. Cerski, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220