IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KOONS and SALLY KOONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC., | : | |
| Defendants | : | NO. 02-2739 |

ORDER

And now this 23rd day of December, 2003, whereas the following Motions in Limine had been filed, and whereas the trial of this matter was conducted from December 15, 2003, to December 19, 2003, and whereas the Court heard argument and made rulings on these motions during the trial, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion in Limine to Preclude Any and All Reference to, or, in Any Way Offering Into Evidence, That Robert Koons Did Not Possess a Current Medical Certificate at the Time of the Accident (Docket #29) is GRANTED in part and DENIED in part for the reasons stated at trial.

2. Defendants' Motion in Limine For Preclusion of Plaintiffs' Claim For Punitive Damages (Docket #30) is GRANTED for the reasons stated at trial at close of the plaintiffs' case.

3. Defendants' Motion in Limine to Preclude Plaintiffs' Liability Experts Jerry Wells, A.J. Fiedler and Dennis Handley (Docket #31) is DENIED for the reasons stated at trial.

4. Defendants' Motion in Limine to Limit Medical Expenses to the Amount Actually Paid and Accepted as Full Payment For Services Rendered Pursuant to <u>Moorhead v. Crozer Chester Med. Center</u> (Docket #32) is GRANTED as uncontested.

5. Defendants' Motion in Limine to Preclude Plaintiffs' Economist (Docket #33) is GRANTED for the reasons stated at trial.

6. Defendants' Motion in Limine to Limit Plaintiffs to One Liability Expert (Docket #34) is DENIED for the reasons stated at trial.

7. Defendants' Motion in Limine to Exclude Work Order No. 2609 and Work Order No. 2736 (Docket #35) is GRANTED in part and DENIED in part for the reasons stated at trial.

8. Defendants' Motion In Limine to Preclude the Report and Testimony Of Plaintiffs' Late-Identified Expert Dennis Handley (Docket #36) is DENIED as moot, because the plaintiffs did not offer Mr. Handley as a witness during the trial.

9. Defendants' Motion in Limine to Preclude Hearsay Statements Concerning Fuel Removed From Tanks (Docket #37) is GRANTED for the reasons stated at trial .

10. Defendants' Motion in Limine to Preclude Evidence Regarding Fuel Bladder Snaps or Clamps (Docket #38) is DENIED for the reasons stated at trial.

11. Defendants' Motion in Limine to Preclude Evidence of Prior Accidents and/or Problems Related to Fuel Bladders (Docket #39) is GRANTED for the reasons stated at trial.

12. Plaintiffs' Motion in Limine to Preclude Defendants' Use at Trial of Reports Prepared by Fiedler, Other Than Rule 26(a)(2) Report (Docket #44) is DENIED for the reasons stated at trial.

13. Plaintiffs' Motion in Limine to Preclude the Introduction of the Cessna Aircraft Company's Accident Investigation/Mishap Report (Docket #52) is GRANTED for the reasons stated at trial.

14. Plaintiffs' Motion in Limine to Preclude Any and All Reference to, or Offering Into Evidence of, the NTSB Probable Cause Determination and/or Factual Report Containing Opinion Testimony (Docket #53) is GRANTED for the reasons stated at trial.

15. Plaintiffs' Motion to Preclude Undisclosed Demonstrative Evidence (Docket #60) is DENIED for the reasons stated at trial.

16. Plaintiffs' Motion to Preclude Undisclosed Exhibit "48" (Docket #61) is DENIED for the reasons stated at trial.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.