**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT H. KOONS, JR. and　　　　　:
SALLY KOONS　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　:　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　:　　02-CV-2739
PIEDMONT HAWTHORNE AVIATION,　:
HAWTHORNE A-B-E, INC.　　　　　　:
n/k/a HAWTHORNE AIRPORT　　　　　:
SERVICES, INC., and PIEDMONT　　　:
HAWTHORNE HOLDINGS, INC.　　　　:
　　　　　　　　Defendants.　　　　　:

**ORDER**

　　　　AND NOW, this 　　　　　day of 　　　　　, 2003, upon consideration
of Plaintiffs' Motion for Judgment Notwithstanding the Verdict or in the Alternative a New
Trial, and Defendants' response thereto, it is hereby ORDERED and DECREED that said
Motion is Denied.

　　　　　　　　　　　　**BY THE COURT:**


　　　　　　　　　　　　_____
　　　　　　　　　　　　**HONORABLE MARY A. MCLAUGHLIN
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT H. KOONS, JR. and      :
SALLY KOONS                :
          Plaintiffs,      :
                        :
      v.                :      CIVIL ACTION
                        :      02-CV-2739
PIEDMONT HAWTHORNE AVIATION,  :
HAWTHORNE A-B-E, INC.      :
n/k/a HAWTHORNE AIRPORT    :
SERVICES, INC., and PIEDMONT  :
HAWTHORNE HOLDINGS, INC.   :
          Defendants.      :

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT**
**NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE A NEW TRIAL**

Defendants, Piedmont Hawthorne Aviation, Hawthorne A-B-E, Inc. n/k/a Hawthorne Airport Services, Inc., and Piedmont Hawthorne Holdings, Inc. (hereinafter "Piedmont"), by and through their undersigned counsel, Cozen O'Connor, hereby respond to Plaintiffs' Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial, as follows:

1.      Admitted.

2.      Admitted.

3.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in denying the introduction and admission of SDRs.

4.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in denying the introduction and admission of Accident and Incident Reports.

5.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in permitting Mr. Stimpson from performing a courtroom demonstration.

6.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in precluding Plaintiffs' experts from assisting in the courtroom demonstration performed by Defense Expert Douglas Stimpson during Mr. Stimpson's testimony.

7.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that Mr. Stimpson gave opinions which were outside the scope of his expert report.

8.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in permitting Mr. Boyd to testify that it was his understanding that the FAA did not want Piedmont to retain the annual inspection checklist.

9.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in permitting Mr. Boyd to testify.

10.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court committed any error and it is specifically denied that the court "coached" defense counsel.

11.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in denying Plaintiffs' motions for a mistrial.

12.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in admitting Mr. Fiedler's reports.

13.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in refusing to permit evidence of lost earning capacity damages.

14.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred refusing to permit evidence of lost earning capacity damages, as there was insufficient, and only speculative, evidence that Mr. Koons would have entered the business of selling car-dealer insurance.  Moreover, there was absolutely no medical evidence that Mr. Koons' injuries prevented him from entering such business.

15.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in refusing to allow Plaintiffs' orthopedic surgeon to testimony regarding post traumatic stress disorder.

16.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in excluding the 1999 work order.

3

17.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred denying Plaintiffs' counsel's request for voir dire on Mr. Stimpson's exemplar.  By way of further answer, it is specifically denied that Mr. Stimpson's exemplar was altered in any manner to provide a "guaranteed false result."

18.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that Mr. Stimpson gave false testimony.

19.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that Mr. Stimpson gave false testimony and it is specifically denied that a new trial should be granted.

20.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that defense counsel's closing argument was improper.  By way of still further answer, Plaintiffs' counsel did not object during defense counsel's closing argument.

21.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, Plaintiffs withdrew their breach of warranty claim prior to trial.

22.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, Plaintiffs made the decision not to present any evidence of damages suffered from the loss of the aircraft.

23.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the court erred in denying Plaintiffs' motion for a directed verdict.

24.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.  By way of further answer, it is specifically denied that the Court's order applied to all witnesses or that defense counsel "coached" Mr. Stimpson.

25.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required and therefore, said averments are denied.

26.     The averments of this paragraph do not require a response.

WHEREFORE, for all the reasons set forth above, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Judgment Notwithstanding the Verdict or in the Alternative, a New Trial.

Respectfully submitted,

COZEN O'CONNOR


BY:_____
            Ann Thornton Field, Esquire
            Attorney I.D. No. 52130
            Sara Anderson Frey, Esquire
            Attorney I.D. No. 82835
            1900 Market Street
            Philadelphia, PA  19103
            (215) 665-2000

            Attorneys for Defendants

Date:  January 5, 2004

5

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire hereby certify that a true and correct copy of Defendants' Response to Plaintiffs' Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial  was served this 5th day of January, 2004 by first class mail upon the following:

Arthur Wolk, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA 19103

_____
Sara Anderson Frey, Esquire