IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. KOONS, JR. and SALLY KOONS, his wife, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| PIEDMONT HAWTHORNE AVIATION, HAWTHORNE A-B-E, INC., n/k/a HAWTHORNE AIRPORT SERVICES, INC., and PIEDMONT HAWTHORNE HOLDINGS, INC., | : : : : | No. 02CV2739 |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR EXTENSION OF
<u>TIME TO FILE A NOTICE OF APPEAL</u>**

Plaintiffs, Robert and Sally Koons, hereby move this court for an order extending the time for plaintiffs to file a notice of appeal from the Court's February 2, 2004 Orders denying plaintiffs post trial motions. In support of their motion, plaintiffs allege as follows:

1. This lawsuit arises out of an airplane accident which occurred on May 9, 2000 when the single engine Cessna 210 aircraft piloted by plaintiff, Robert Koons crashed in Fayetteville, North Carolina.

2. This case was tried before a jury on December 15 -19, 2003.

3. The jury returned its verdict on December 19, 2003 in favor of Defendant Piedmont.

4. Plaintiffs filed a Motion for Judgment Not Withstanding the Verdict and a Motion for a New Trial on December 22, 2003.

5. The Court denied plaintiffs' post trial motions by Order dated February 2, 2004.

6.       Plaintiffs wish to seek leave of this Court pursuant to Federal Rule of Civil Procedure 27(b) to conduct the post-trial deposition of Compu-Weather in an effort to support a Federal Rule of Civil Procedure 60 motion.

7.       In order to seek leave pursuant to Rule 27(b), plaintiffs must file the proper motion papers with the Court requesting such relief.  The Federal motion practice complicates this issue because a Rule 27(b) motion will not be decided in time for plaintiffs to subpoena Compu-weather, conduct the deposition, and file a Rule 60 motion with the District Court, before plaintiff must file a Notice of Appeal from the Court's February 2, 2003 Order[1].  As a result, the district court would be prevented from considering a Rule 60 motion filed after plaintiffs filed their Notice of Appeal.  <u>Franklin Mint Co. v. Boyd</u>, 2001 WL 474424 (E.D. Pa 2000) (citing <u>Kileen v. Travelers Ins. Co.</u>, 721 F.2d 87, 90 n.7 (3rd Cir. 1983)).

8.       The Federal Rules of Appellate Procedure permit this Court to extend the time to file a notice of appeal upon a showing of good cause.  Fed. R. App. P. 4(a)(5)(A)(i)(ii).

9.       Because plaintiffs cannot procedurally request a Rule 27(b) deposition, conduct a deposition thereto, and file a Rule 60 motion before filing a Notice of Appeal from the Court's February 2, 2004 Order, plaintiffs submit that good cause exists to extend the time required for plaintiffs to file a Notice of Appeal by 30 days.

WHEREFORE, plaintiffs respectfully request this Honorable Court issue an order extending the March 3, 2004 deadline for plaintiffs to file a Notice of Appeal from the Court's February 2, 2004 Order by 30 days (April 2, 2004).

---

[1] This sequence of events assumes that Court grants plaintiffs Rule 27(b) motion.

2

Respectfully submitted,

_____
Christopher J. Cerski, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220